JENET ET AL. v. NIMS.

1. CORPORATIONS—ANNUAL STATEMENT—DIRECTOR'S LIABILITY.

The directors of a corporation which has failed to file an annual statement within sixty days after the first of January, as required by statute, are liable for the debts of the corporation contracted during the preceding year.

2. SAME—ESTOPPEL.

Parties who have assumed to act as officers of a *de jure* corporation, and who contracted debts in that capacity, are estopped to deny their official character.

*Appeal from the County Court of Pitkin County.*

Messrs. DOWNING, STIMSON & McNAIR, for appellants.

No appearance for appellee.

. REED, P. J., delivered the opinion of the court.

Appellee brought suit against appellant and others for wages earned by himself, and, as assignee, of claims for wages earned by others in the publishing of a newspaper in the county of Pitkin, called the "Aspen Leader."

On January 19, 1892, appellants and others became incorporated as "The Aspen Leader Publishing Company;" executed a certificate of incorporation, in which Henry Webber

John M. McMichael, Edwin Arkell, James N. Bennett and Louis Jenet were named as directors for the first year, a copy of which was filed for record in the office of the county clerk of Pitkin county on the 20th day of July, 1892. No directors of the corporation were afterwards elected. Business of publishing was carried on for some indefinite time, and, during the year 1892, contracted for labor the different debts for which this suit was brought, amounting in the aggregate to $1,074.30. The suit was brought against the individual directors, under sections 248 and 252, General Statutes (secs. 487 and 491 Mills' An. Stats.).

It is alleged in the complaint that the corporation failed, neglected and refused to file in the office of the clerk and recorder of Pitkin county within 60 days after the first of January, 1893, the annual report required by law, stating the amount of its capital stock, the amount actually paid in, and the amount of its existing debts, and that no such report had been filed since; had also failed to file as required by law a certificate that the capital stock of the company had been paid in, etc.; that all the debts for which the action was brought were contracted in the year 1893, the year preceding the failure.

After interposing a demurrer, which was overruled, appellants answered, denying generally all the allegations of the complaint; also alleging as a defense the nonjoinder of one Henry Webber, one of the directors at the time the debts were contracted.

A trial was had, and finding and judgment for the plaintiff for the sum of $1,074.30, from which an appeal was prosecuted to this court.

The evidence established the fact that corporate business was carried on until sometime subsequent to January, 1894, and appellants continued through the year 1893 to act as directors, and the business was carried on in the corporate name. The indebtedness to the respective parties and the amounts were not contested by the defendants. Proof that the certificates required by law had never been filed was very

meager,—consisted of the evidence of the county clerk and recorder that no such papers were on file, and that he learned the fact from examining the index in his office. Slight as it was, it was sufficient *prima facie* to put the corporation or defendants to proof that such papers had been filed. No such claim or effort was made; so the finding of the court that they had not been filed was warranted. Such facts having been established, the statute fixes the liability of the parties, and the judgment properly followed.

It is contended that as the statutes in regard to corporations provide that the directors named in the certificate can only hold office for one year, that, failing to elect, it lost its corporate character, and, although remaining in as directors, the individuals were not officers in fact, and could not be held. This contention cannot prevail. Assuming and continuing to act as the directors of a corporation, and contracting debts as a corporation, the parties cannot avail themselves of their own dereliction in matters known only to themselves to defeat the payment of those debts. It has long been well settled law that parties acting in a corporate capacity, might, as to outsiders, be a corporation *de facto*, when not one *de jure*. Authorities upon the proposition are abundant, and citation unnecessary. Again, having assumed to act as the officers of a *de jure* corporation, and, as such, contracted the debts in question, they are estopped to deny such official character. Thompson on Liability of Officers and Agents of Corporations, p. 471, sec. 35, notes; Taylor on Corp., sec. 145, *et seq.; Duggan v. Colo. M. & I. Co.*, 11 Colo. 113; *Bates v. Wilson*, 14 Colo. 140; *Baker v. Neff*, 73 Ind. 68; *Close v. Glenwood Cemetery*, 107 U. S. 466; *Hasensitter v. Kirchhoffer*, 79 Mo. 239; *Swartwout v. Railroad Co.*, 24 Mich. 389. This disposes of the principal assignments of error, that the court erred in refusing a nonsuit, and erred in finding the issues in favor of appellee.

There are several other supposed errors assigned, mostly technical, in regard to the admission of evidence, which we do not find it necessary to review, as, in view of what has

been said, their determination either way could not affect the result.

The judgment of the county court must be affirmed.

*Affirmed.*