ROBERTS MANUFACTURING COMPANY v. FRANK SCHLICK, JR.[1]

Nov. 4, 1895.

Nos. 9463—(27). .

Corporation—Liability of Promoters.

Where several persons associate themselves for the purpose of promoting and organizing a corporation for the pecuniary profit of its members, and, after contracts have been made for and in the name of the proposed corporation, they voluntarily abandon their purpose, their relation one to the other, as to third parties, if not that of partners, is that of agent and principal, and each will be liable upon all the contracts of the association he has directly or indirectly authorized or ratified.

Same—Evidence.

Held, that certain articles of association and the records of the proceedings of the board of directors were properly received in evidence.

Findings Sustained.

Evidence considered, and held, that it sustains the material findings of fact and conclusions of law of the trial court to the effect that the defendant is liable on the contract in this case, made in the name of and for a proposed corporation which was never organized.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial, after trial by the court and order for judgment for plaintiff for $129.09. Affirmed.

*Henry C. James*, for appellant.

A voluntary payment of a certain sum, to indemnify for expenses incurred in a service voluntarily rendered, is not a ratification which makes the payee the agent of the principal as regards such services. Camp v. United States, 113 U. S. 648, 5 Sup. Ct. 687; 1 Am. & Eng. Enc. Law, 431. Promoters of this kind are not partners. 1 Lindley, Part. (2d Am. Ed.) 23; Norris v. Cottle, 2 H. L. C. 647. They are liable on general principles of agency only. Norris v. Cottle, supra, 670; Beale v. Mouls, 10 Q. B. 976; Roberts' Case, 3 De G. & S. 205, 2 Macn. & G. 192. One present at a

1 Reported in 64 N. W. 826.

meeting of such promoters is not bound by any resolution to which he does not expressly or impliedly assent. A committee cannot in such cases delegate its authority to any member thereof. Shaw v. First Baptist Church, 44 Minn. 22, 46 N. W. 146; Ex parte Rogers, 7 Cow. 526; Downing v. Rugar, 21 Wend. 178. The trustees of a religious corporation are the only persons empowered to bind the corporate body, and to execute this power, they must meet as a board, deliberate and decide. The separate action of the trustees, without meeting and consulting together as a board, even though a majority in number should agree upon a certain act, is not binding upon the corporation, and cannot of itself create a corporate liability. 20 Am. & Eng. Enc. Law, 793; Constant v. St. Albans Church, 4 Daly, 305; United Brethren Church of New London v. Vandusen, 37 Wis. 54; St. Patrick's Church v. Gavalon, 82 Ill. 170.

*Robertson Howard*, for respondent.

Plaintiff's payment was a complete ratification of the contract, whether he had any previous knowledge of the purchase or not, and rendered him liable on the ground of agency, even had he not become a partner. Ehrmanntraut v. Robinson, 52 Minn. 333, 54 N. W. 188. Defendant was liable as a partner. When several persons associate themselves together, intending to become incorporated, but fail to perfect a corporation, they will be held individually liable on contracts made by them, although such contracts may have been in terms the contracts of the association, or assumed corporation. Johnson v. Corser, 34 Minn. 355, 25 N. W. 799; Hess v. Weitz, 4 Serg. & Rawle, 356; Pettis v. Atkins, 60 Ill. 454; Bigelow v. Gregory, 73 Ill. 197; Garnett v. Richardson, 35 Ark. 144; Kaiser v. Lawrence Sav. Bk., 56 Iowa, 104, 8 N. W. 772; Abbott v. Omaha Smelting & R. Co., 4 Neb. 416; Field v. Crooks, 16 La. Ann. 153; Jessup v. Carnegie, 44 N. Y. Superior Ct. 260, 283, 285, 286; Wells v. Gates, 18 Barb. 554; Williams v. Bank of Michigan, 7 Wend. 542; Martin v. Fewell, 79 Mo. 401, 409, 410; Frost v. Walker, 60 Me. 468; Coleman v. Coleman, 78 Ind. 344; Eaton v. Walker, 76 Mich. 579, 43 N. W. 638; Jones v. Aspen Hardware Co., 40 Pac. (Colo.) 457; Cincinnati Cooperage Co. v. Bate, 96 Ky. 356, 26 S. W. 538; Empire Mills v. Alston Grocery Co., 15 S. W. (Tex. App.) 505. See

Ehrmanntraut v. Robinson, supra; McCabe v. Goodfellow, 133 N. Y. 89, 30 N. E. 728; Sheren v. Mendenhall, 23 Minn. 92; French v. Price, 24 Pick. 13, 17, 18; Hawley v. Keeler, 53 N. Y. 115, 121, 123; Deakin v. Underwood, 37 Minn. 98, 33 N. W. 318.

START, C. J. Briefly stated, the facts in this case are that certain individuals, named in the second subdivision of the findings of the trial court, on February 28, 1893, associated themselves together for the purpose of forming a corporation, securing a bank charter, and engaging in a general banking business as the Metropolitan National Bank of St. Paul, Minnesota, under the provisions of the national bank act. They executed articles of association, elected directors and other necessary officers. The defendant was not one of the original associates or promoters, but on April 15, 1893, he was chosen a director to fill a vacancy caused by a resignation, accepted the position, and thereafter acted as a director of the association. The board of directors, through its authorized committee, entered into certain contracts for the association, and in its proposed corporate name, for the lease of a banking office, and for a safe and the necessary office furniture and fixtures. The contract for the latter was made with the plaintiff on April 19, 1893, by a committee appointed by the board of directors before the defendant became a member. After the performance of this contract by the plaintiff on its part, the promoters voluntarily abandoned their purpose of becoming a corporation and engaging in the banking business, and are not, and never were, a corporation. All the promoters except the defendant and one other have paid their proportionate share of the amount due to the plaintiff on its contract, and have been released by it from further liability therefor.

This action was brought to recover from the defendant the balance of his proportionate share of such amount. The trial court found substantially the foregoing facts, and other evidential facts, and ordered judgment for the plaintiff for the amount claimed; and from an order denying his motion for a new trial the defendant appealed.

1. The plaintiff claims that the defendant is liable as a partner, but we neither discuss nor decide this question, for we are of the opinion that the defendant, in any view of the case, is liable upon

the general principles of contract and agency. Where individuals associate themselves for the purpose of promoting and organizing a corporation for the pecuniary gain of its members, and act as an association by electing directors and other officers, through whom contracts are made for and in the name of the proposed corporation, and they afterwards abandon their purpose to form a corporation, their relation, one to the other, as to persons dealing with the association, if not that of partners, is that of agent and principal, and each will be individually liable upon any contracts of the association which he directly or indirectly authorized or ratified.

The defendant vigorously challenges the sufficiency of the evidence to bring him within this rule, and insists that there is no evidence in the case that he ever authorized or ratified the contract in question. Where, as in this case, it is shown that the defendant was one of several promoters, and that all acted as a body by a board of directors, and that he was a member thereof, only slight additional evidence is required to establish prima facie his authorization or ratification of contracts made in the name of the association, whether they were made before or after he became a director. We are of the opinion that the evidence in this case is ample to sustain the material findings of fact and conclusion of law of the trial court to the effect that the defendant is liable on the contract in question. The evidence shows that the promoters organized by electing a board of directors, president, cashier, and other officers, and that business was done by the board, which kept a correct record of all its acts and proceedings. At its first meeting, March 2, 1893, a committee on location and fixtures for the bank, consisting of three directors, one of whom was the cashier, was appointed. This committee reported, at the second meeting, held on March 15, the terms upon which a lease of an office could be secured, and the board accepted the terms, and authorized the committee to take the lease. The defendant, at the third meeting, April 15, was elected a director, and at this meeting the committee reported in favor of accepting the bid of the plaintiff for office fixtures, and the report was referred back to it to enter into and complete the contract in their discretion, which it did on April 19. The defendant was not present at any of these meetings, but at the fourth meeting, April 18, he was present as a director, and was

present at all subsequent meetings, acting as a director, up to and including June 29, 1893. At the first meeting at which he was present as a director the board voted $300 for advertising purposes, and at the last one, it appointed a committee to arrange the best possible adjustment of all claims against the bank under contracts with various parties.

This evidence tends to show that the promoters were acting as an association under a common name, promoting the common enterprise by and through its representatives, its directors, of whom the defendant was one; and that he had ample opportunity to learn, and in the exercise of ordinary prudence and sagacity in the discharge of his duties as director he must have learned, by an examination of the records, of the making of this contract here in question. The records were not voluminous, and afforded the defendant the ready means to learn all about the association he was acting for. It is for this reason that the records of the proceedings of the board of directors prior to the time the defendant became a member thereof were properly received in evidence, notwithstanding his objection to such evidence. The articles of association, although not executed by the defendant, were correctly received in evidence, for they show the organization and purposes of the association of which he afterwards became a member. If the defendant knew that the board of directors had made and were making contracts for and in the name of the association as a reasonably necessary work of preparation for doing a general banking business when it should become incorporated, and with such knowledge he continued to take an active part in the proceedings of the board as a director, without objection or protest, it would tend to show a ratification of this contract. If he did not do so, and had no notice of the making of this contract, it was a matter peculiarly within his own knowledge; yet he was not a witness on the trial, and there is no explanation of his significant silence. The undisputed evidence tends further to show that he knowingly and without objection, through a third party, paid to the plaintiff $50 on this contract. No further evidence was necessary to make a strong prima facie case against the defendant.

2. The claim of the defendant that the committee on bank fixtures did not make the contract with the plaintiff, but that it was

made by one of the individual members of the committee, is not supported by the evidence, which tends to show that the committee acted upon the proposition of the plaintiff to furnish the fixtures, and decided to accept it, and authorized the cashier to sign an acceptance, which he did for the bank.

3. The evidence shows a substantial performance of the contract on the part of the plaintiff. It did all it could do in that direction, for it manufactured the fixtures and furniture in accordance with the contract. It is true that only a portion of them was placed in the bank office, and the rest were stored for the association by direction of one of the directors. This did not constitute an attempted modification of the contract, as claimed, but it does constitute an excuse on the part of the plaintiff for not performing its contract with microscopic exactness.

Order affirmed.

**Corporation—Liability of Promoters.**