## No. 9638.

### BONFILS, ET AL. *v.* HAYES.

Decided May 2, 1921.   Rehearing denied November 7, 1921.

Action for death of plaintiff's daughter occasioned by alleged negligence of defendants' servant.   Judgment for plaintiff.

### *Affirmed.*

1.  CORPORATIONS—*Extension.*   Sections 891-2, R. S. 1908, providing that within one year from the expiration of its term of existence, a corporation may extend the term for another twenty years, do not ipso facto create an extension for one year.

2.     *De Facto Corporations.*   To constitute a corporation de facto, there must be three elements:   A law under which it may law-

fully be formed; a bona fide attempt to form it according to law; and a user or attempt to use its corporate powers.

3.          *Corporate Capacity—Collateral Attack.* Under the facts and circumstances of the case under consideration, the corporate capacity could be questioned.

3a.  PRINCIPAL AND AGENT—*Liability of Agent.* He who, to avoid liability, claims to be a mere agent, must produce a principal.

4.   ASSOCIATIONS—*Torts.* Persons who actively cooperate in a business enterprise, and in connection therewith commit a tort, are liable, whatever the title of their combination.

5.   CORPORATIONS—*Estoppel.* It is not true that estoppel of a corporation to deny its existence relieves its operators of their liability if it does not exist.

6.   JURORS—*Challenge for Cause.* A juror's voir dire held to show nothing to justify a challenge for cause under the statute.

7.          *Peremptory Challenge—Examination.* The matter of permitting questions to jurors upon which to base a peremptory challenge is within the discretion of the trial court.

8.          *Examination.* A juror was asked if he would be satisfied to have a man with the same amount of prejudice that he had against defendants, try his case. An objection to the question held properly sustained.

9.   NEGLIGENCE—*Contributory.* The question of contributory negligence in this case held properly submitted to the jury.

10.  DAMAGES—*Excessive.* The claim that damages are excessive cannot be sustained, if it is reasonably possible under the evidence to compute a pecuniary loss to the plaintiff greater than the amount of the verdict.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. JOHN T. BOTTOM, Mr. JOHN M. WALDRON, for plaintiffs in error.

Mr. F. W. SANBORN, Mr. HERBERT M. MUNROE, Mr. JACOB V. SCHAETZEL, Mr. WALTER E. SCHWED, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

ANNA HAYES, defendant in error, brought suit against Bonfils, Tammen and Litzenberger, and had a verdict and judgment for the death of her daughter by the negligence of their servant. They bring error.

The defendants were stockholders and directors of a corporation, and were actively engaged in its business of printing and publishing the Denver Post. After the expiration of its twenty years of existence according to the statute, which was November 4, 1915, they continued business under the corporate name, and while they were doing so, September 16, 1916, a boy, driving a delivery wagon about the said business, ran down plaintiff's daughter and killed her.

1. One point of defense was that the boy was the servant of the corporation. Notwithstanding the statutory provisions that the certificate of incorporation shall state the period of existence "not to exceed twenty years," R. S. 1908, § 847, and that corporations "shall be bodies corporate and  *  *  *  have succession for the period for which they are organized," *Id.,* § 854, plaintiffs in error insist that the corporation was a corporation *de jure* at the last named date. The argument seems to be that the statute, R. S. §§ 891-2, which gives power to a corporation, at any time within one year from the expiration of its term of existence, to extend that term for another twenty years, *ipso facto* creates such extension for one year, since if it were dead it could not be brought to life, and so the privilege of extension at any time within one year must imply a continuance for that year. The argument seems unsound. Its conclusion is against the plain terms of the statute which limits the life of corporations. The legislature which creates them may revive them or provide methods of revival at will and may give them life for this purpose when they are dead for that. 1 Black Com. 485; *LaGrange & Memphis R. R. Co. v. Rainey,* 7 Coldw. (Tenn.) 420, 421.

The revival of a corporation may, if the legislature so

provides, relate back to the date of its expiration, and so the corporation be held to have been alive during a time when it was legally dead. This is a fiction, but so is the corporation, and analogies to natural persons are misleading. The effect of a revival after an injury, inflicted, as in the present case, within one year from the expiration, is not before us, because the term of the corporation now in question has never been extended.

2. It is claimed that at least there was a corporation *de facto*. To constitute a corporation *de facto* there must be three elements: (1) A law under which it may lawfully be formed; (2) A *bona fide* attempt to form it according to law; (3) A user or attempt to use its corporate powers. *Jones v. Aspen Hdw. Co.*, 21 Colo. 263, 269, 40 Pac. 457, 29 L. R. A. 143, 52 Am. St. Rep. 220; *Duggan v. Colo. M. & S. Co.*, 11 Colo. 113, 115, 17 Pac. 105; *Fisher v. Pioneer Co.*, 62 Colo. 538, 546, 163 Pac. 851; *Tulare Irr. Dist. v. Shepard*, 185 U. S. 1, 22 Sup. Ct. 531, 46 L. Ed. 773; *Clark v. Am. C. Coal Co.*, 165 Ind. 213, 73 N. E. 1083, 112 Am. St. Rep. 217; 14 C. J. 214, and cases there collected.

As in forming the corporation the certificate of incorporation, so in renewal the certificate of renewal, is the *causa sine qua non; Merges v. Altenbrand*, 45 Mont. 355, 123 Pac. 21, 24; 14 C. J. 226, Sec. 232; therefore without the certificate of renewal or a *bona fide* attempt thereto, there is no corporation *de facto*. The company now in question did not make, within the year following its expiration, and has never made, any attempt by certificate or otherwise to renew its life.

It is argued that the company has shown no bad faith and in good faith intended, but forgot to renew. The answer is that it is not charged with bad faith, and an intention is not equivalent to an attempt.

The cases that a company dies with the expiration of its charter are numerous. Clark and Marshall say, § 305, that "according to the better opinion, * * * a body of men has not even a *de facto* corporate existence after expira-

tion of the time for which its corporate existence is limited by its charter."

3. Something is said that the corporate capacity cannot be questioned collaterally. We know of no principle which forbids such question in a case like the present. A woman sues three men for a tort. They answer that they were acting for a corporation. Is it possible that she may not put them on proof that there was such a corporation in existence at the time of the tort? He who, to avoid liability, claims to be a mere agent, must produce a principal. *Fay et al. v. Noble,* 7 Cush. (Mass.) 188, 194.

4. Some argument is made that the defendants are not partners even if there was no corporation; but if they were actively co-operating in a business enterprise and, in connection therewith, committed the tort in question, they are liable whatever the title of their combination,—partners, co-adventurers, joint tort feasors—or what. *Jones v. Aspen Co.,* 21 Colo. 263, 270, 271, 40 Pac. 457, 29 L. R. A. 143, 52 Am. St. Rep. 220; *Fay et al. v. Noble,* 7 Cush., supra.

Their active co-operation in the business, there being no corporation, makes them responsible for its liabilities, and able to demand its dues. *Ward v. Brigham,* 127 Mass. 24; *Jones v. Aspen, etc., Co.,* 21 Colo. 263, 40 Pac. 457, 29 L. R. A. 143, 52 Am. St. Rep. 220; *Roberts, etc., Co. v. Schlick* 62 Minn. 332, 64 N. W. 826; *Johnson v. Corser,* 34 Minn. 355, 25 N. W. 799; *Rutherford v. Hill,* 22 Or. 218, 29 Pac. 546, 17 L. R. A. 549, 29 Am. St. Rep. 596; *Fuller v. Rowe,* 57 N. Y. 23; *Medill v. Collier,* 16 Ohio St. 599; *Fay et al. v Noble,* 7 Cush. (Mass.) 188, 194.

Numerous cases are cited to the effect that stockholders are not liable although their ostensible corporation proves not to be a corporation. That may be left unquestioned The defendants are not charged because they are stockholders.

5. It is said that the corporation could not have denied its corporate existence if it were sued for this tort because it was doing business as a corporation, and therefore

would have been liable for its tort, and therefore the defendants are not.

This argument would necessitate the conclusion that no natural person could ever be liable for the debt or default of an ostensible corporation. If it is sound then all the countless cases upholding such liability under this and that set of facts are wrong and all the discussion of the subject for the past half-century has been futile. It is not true that estoppel of the corporation to deny its existence relieves its operators of their liability if it does not exist.

6. It is claimed that the court erred in overruling the challenge for cause of the juror Chipman. This juror's *voir dire* shows nothing to justify challenge for cause under our statute. Among the grounds set forth in § 199 Civil Code 1908, the 7th, the only one that approaches fitness to this case, is as follows: "The existence of a state of mind in the juror evincing enmity against or bias to either party."

No bias in favor of the plaintiff, nor enmity toward the defendants was shown. The challenge for cause was therefore properly overruled.

7. An objection to the following question, put to the juror Chipman was sustained: "Would you be willing to trust a man to try your case who had the same amount of prejudice against you that you have against the proprietors of the Denver Post?"

If this question was asked as a basis of a challenge for cause, it was immaterial unless it was to draw out proof of enmity, which is not claimed. If it was intended to secure information by which to determine the expediency of a peremptory challenge, it would seem that counsel had already obtained that information by other questions. Be that as it may, the matter of these questions upon which to base a peremptory challenge is within the discretion of the trial court. *U. P. Ry. Co. v. Jones,* 21 Colo. 340, 40 Pac. 891.

8. The juror Hackstaff said that he had a prejudice

against the Denver Post as a newspaper but not against the proprietors.

His *voir dire* showed no ground for challenge for cause. He was asked, however, this question: "If you were trying a case and were interested in it and you knew that a man had the same amount of prejudice that you have in this case as against the defendants would you be satisfied to have him try your case?" An objection was sustained. This is assigned as error, but it cannot be so considered for the reasons stated concerning a similar question above. What would satisfy the juror if he were a litigant is immaterial upon challenge for cause.

9. It is claimed that there was contributory negligence, but that question was properly left to the jury.

10. The claim that the damages were excessive is not sustained. It is reasonably possible, under the evidence, to compute a pecuniary loss to the plaintiff greater than the amount of the verdict.

Judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.