## No. 11,912.

### LEHL *v.* STRONG MERCANTILE COMPANY, ET AL.

Decided September 19, 1927.

Action on promissory notes.   Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1. PARTIES—*Actions.* An action without a proper plaintiff is not a nullity and may be amended by alleging a proper plaintiff. ·

2. EQUITY—*Legal Fiction.* A fiction is never allowed to work an injustice.

3. CORPORATIONS—*Officers.* A corporation itself, its life and death are fictions. It and its directors as such are, in substance, and in their rights and duties, one and the same.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Mr. HARRY BEHM, for plaintiff in error.

Mr. FREDERICK·P. CRANSTON, Mr. C. COOPER YOUNG, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

STRONG et al., as surviving directors and trustees of the Strong Mercantile Company, a corporation, had judgment against Lehl in an action on promissory notes. He brings error and moves for a supersedeas. Both parties request a final decision on this motion. The judgment must be affirmed.

The action was brought in the name of the Strong Mercantile Company, a corporation. The defendant answered, denied the existence of the plaintiff corporation and alleged that its charter had expired; the plaintiff then moved to change "the name of the plaintiff * * * to Arthur J. Strong, Leonard Kranbeck, Patrick Savage and Tom McCook, as the surviving directors and trustees" of the plaintiff. The defendant then moved to dismiss for want of a plaintiff. The motion to amend was granted, the other denied and these two orders are assigned as error.

The argument of plaintiff in error is: A nullity cannot be amended. An action without a plaintiff is a nullity. The plaintiff named had ceased legally to exist, and so there was no plaintiff. The action, then, was a nullity and could not be amended.

There are several answers to this argument: Logically it may be answered by denying that such an action is a nullity. Of course it is not in fact a nullity. It is a very real thing, though not a complete action, and that an amendment is possible all know, including those who say the contrary, even judges while they say it, because it is sometimes done (*Vermont M. & Q. Co. v. Windham County Bank,* 44 Vt. 489; *Lucifer Coal Co. v. Buster,* 64 Colo. 179, 171 Pac. 61), and when we have added what

would have made it a complete action what is the sense in saying that it is not one? Half a pair of scissors, though a nullity as scissors, is a real thing, and when we add the other half, is as good a pair of scissors as if we had had both halves at first.

Another answer is that fiction is never allowed to work injustice. In fictione juris semper subsistit æquitas. Bouv. Law Dict.; 3 Bl. Com. 43; *Low v. Little,* 17 Johns. (N. Y.) 348; *Union Transit Co. v. Kentucky,* 199 U. S. 194, 207, 208. The corporation itself, its life and death, are fictions. *Bonfils v. Hayes,* 70 Colo. 336, 201 Pac. 677. To require the plaintiff to bring a new action in any such case works some injustice, and, since the notes here in suit are now barred by limitation, greater injustice would ensue if we should deny amendment. To put it in another way: The corporation and its directors or trustees, as such, are, in substance and in their rights and duties, one and the same. *Vermont M. & Q. Co. v. Windham Co. Bank,* 44 Vt. 489. To say that they are different is a conclusion based on the fiction that the corporation has substance. There are other answers which we need not mention. By any of them the judgment was right and is affirmed.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.