### MARTIN et al. v. WEAVER.
#### No. 4143.

Court of Civil Appeals of Texas.
El Paso, Texas.
Nov. 19, 1941.

Rehearing Granted Dec. 11, 1941.

Further Rehearing Denied Jan. 8, 1942.

J. U. Sweeney, J. E. Quaid, and Potash & Cameron, all of El Paso, for appellants.

Joseph L. Dunigan and Lea & Edwards, all of El Paso, for appellee.

PRICE, Chief Justice.

This appeal is from the judgment of the District Court of El Paso County, Forty-first Judicial District. As plaintiff, O. L. Weaver sued Jerome A. Martin and 94 Transportation, Inc., a corporation, as defendants, to recover damages for personal injuries alleged to have been inflicted on his wife by the negligence of defendants.

For convenience O. L. Weaver will be hereafter designated as plaintiff, and defendant Jerome A. Martin as Martin, and the 94 Transportation, Inc., as Company.

Plaintiff alleged that on or about the 15th day of March, 1940, Martin and the Company jointly owned and operated a taxicab in the City of El Paso, Texas; that his wife, while a passenger therein, through the negligent operation thereof by the agents, servants or employees of said defendants, sustained severe personal injuries through a collision with another automobile which was then being driven by one Fuentes; that his wife was a passenger for hire in the said taxicab of said defendants. The petition charged various acts of negligence in the manner of the operation of the automobile in which plaintiff's wife was riding at the time of the collision.

Defendants answered separately. Defendant Company alleged the driver of the car in question was not in its employ, and that he was neither its agent nor representative on the occasion in question; that the automobile was owned by Martin, and the driver was in the employ of Martin; that it leases various small pieces of land in the City of El Paso, where it maintains telephones; that defendant Martin and others, for a consideration paid to it, stand their taxicabs on said lots, and that when a call comes for a taxicab, of the taxis then on the stand the one next in order for the call takes same; that it did not participate in the earnings of the taxis in carrying passengers.

It further said that in the event there was any liability against it by reason of the facts set forth in plaintiff's pleading, that Martin was the actual wrongdoer, and asks that in the event any judgment be rendered against it, for judgment over against Martin.

Defendant Martin pleaded that the driver of the taxi was not his employee; that he had no control over him on the occasion in question; that the taxi on the occasion in question was being operated by the Company, and under its direction and supervision; that at all times the Company had the right to hire and discharge the one operating the car in question, and that he had no right to control his acts on the occasion in question. He, likewise, prayed for judgment over against the Company in the event that he be held liable.

The Company filed an answer to the answer of Martin, which, in substance, is a special denial that the driver was in its employ.

The trial was before the court and a jury, submission on special issues. On the verdict returned the court rendered judgment in favor of plaintiff in the sum of $5,241.77 against the defendants. From this judgment each of the defendants has appealed.

The jury found that the taxi in question just before the collision was being operated at a rate of speed in excess of twenty miles an hour within the city limits of El Paso; that this was a proximate cause of the collision; further found the issues submitting discovered peril all in favor of plaintiff; that the taxi was operated at an excessive rate of speed, but that such operation at such excessive rate of speed did not constitute negligence.

In the main charge the court did not submit the relationship of defendants to each other in reference to the transportation of plaintiff's wife; did not submit the relationship of either defendant to the driver of the taxicab.

At the instance of Martin, the court submitted an issue as to whether the driver, at the time of the collision, was under the control and supervision of the Company, which was answered that he was; another, as to whether the Company had the right to employ and discharge the driver of the taxi, which was answered that it did have such right. On requested issues of defendant Martin, that he did not have the right to employ any driver for the taxis which meet the standards of the Company; further, that on the date of the accident the driver of the taxi was not in the employ of defendant Martin.

In entering judgment for plaintiff against each defendant, the court evidently assumed that the evidence, as a matter of law, established there was such a rela-

tionship between them that each was legally responsible for the negligent acts of the driver on the occasion in question.

Aside from the conclusion of the witnesses testifying, there was no substantial dispute among them. There was no dispute as to the respective relations of defendants to the driver of the taxi.

The Company was at all relevant times engaged in business in the City of El Paso, Texas. It had one principal taxicab station in the City, together with eight substations. The stations are operated by telephone, the various taxicabs being sent out by the dispatchers of the Company. A call coming in for a taxicab, the dispatcher calls on one of the operators of the taxicabs operating out of the station and sends him to serve the passenger. All of the cars operating out of the various stations have signs on them, "94 Taxi;" the Company requires all chauffeurs operating cars out of its stations to wear uniforms; on the cab is the insignia "94." The driver of the car in question in this case was employed by the manager of the Company to operate Martin's car. Drivers operating cars were required by the Company to be approved by them. It does not own the motor vehicles operating out of its stands under the direction of its dispatchers. Defendant Martin owned some seven or eight automobiles operating out of the stands maintained by the Company. The car involved here was owned by Martin. For the privilege of operating out of these stations, the driver made an initial payment of five dollars to the Company, thereafter paid one dollar per day out of the earnings of the car in transporting passengers for hire; twenty-five cents of the one dollar went to augment the five dollars until same reached fifty dollars. When fifty dollars was reached, the twenty-five cent charge was discontinued. This fifty dollar fund was used for repairs on the car if same were necessary. The driver collected all fares from the passengers. Out of the money collected he paid the one dollar per day mentioned to the Company. The driver then paid the expenses from the fares received from the operation of the car, the balance remaining was divided in accordance with an agreement between the owner of the car and the driver. At the time of the accident some thirty-seven taxicabs were operating out of the various stations of the Company. None of these cabs were owned by the Company; some

seven or eight were owned by defendant Martin, and the balance by others. All save one owning cars operating out of the station were stockholders in the Company.

Martin's brief sets forth some sixteen points as showing that the judgment against him should be either reversed and rendered in his favor or reversed and remanded. The Company adopts the brief of Martin as to points nine to sixteen, and filed no further brief herein.

Martin's first eight points may be summarized by stating that he takes the position that under the pleadings, evidence and verdict there was no basis for the judgment against him. The basis of this contention is that the jury found that the driver of the taxicab was not in his employ, not under his supervision and control; that the jury likewise found that the Company had the right to employ and discharge the driver.

The plaintiff, on the other hand, takes the position that Martin and the Company were engaged as joint adventurers in the common enterprise; that is, the transportation of passengers by motor vehicle in the City of El Paso, Texas; that each was legally responsible for the negligent act of the driver of the taxicab in which plaintiff's wife was riding at the time of her injury.

Under the undisputed testimony someone owed the duty of a carrier for hire to plaintiff's wife. The parties involved in her transportation were Martin, the Company, and the taxi driver, Cruger. Plaintiff's wife called the Company over its phone. It directed the taxi driver Cruger to respond to the call. The taxi driver did respond to the call in a car owned by Martin; the car had been placed on the stand of the Company by defendant Martin; Martin paid for the privilege of keeping his car on the stand out of the proceeds arising from transportation of passengers; Martin and Cruger jointly shared in the net profits arising from the operation of the car.

That there was such a relationship between plaintiff's wife and the Company is clear and unquestioned on this appeal; it clearly and indisputably appears that it held itself out as such carrier. We can make no other construction of the jury's finding than that Cruger was its employee. The findings were that it had control and supervision over him and the right to em-

ploy·and discharge him; that Cruger was not the employee of Martin.

In the assignments under consideration the relationship of Martin to the driver is a vital question. Martin entrusted his automobile to the Company, the Company had a right to entrust same to a driver. This driver, out of the net earnings, pays to Martin one-half thereof. The theory is advanced there is a relationship of lessor and lessee. If this were true, Martin must be the lessor, Cruger or the Company the lessee. If such is the relationship, the term is from day to day. This is manifestly not the relationship intended by the parties. One characterizing feature of the relationship between the parties is that any party thereto may terminate same at will. Martin may take his car from the stand at any time, the driver could quit at any time, and the Company may at any time deny Martin or the driver the privileges of the stand.

In 1884 the following state of facts came before the Court of Appeals in New York: A team and vehicle were owned by Elting; same were used in the transportation of passengers by one McCann. The contract between Elting and McCann was that McCann was to drive the team, gather the passengers and collect the fares, which were to be divided one-fourth to McCann and three-fourths to Elting. While McCann was driving in the business, Elting not being present, a pedestrian was negligently run into by the vehicle. Elting was held liable for the act of McCann. Stroher v. Elting, 97 N.Y. 102, 49 Am. Rep. 515. In the course of the opinion it was said:·

"In the face of these facts the appellant contends that the relation was not that of master and servant, which may be conceded, and also argues that there was no partnership between them, and assuming that to be so, insists that there can be no liability on the part of one for the other's act, and we must hold that way or the appeal fails.

"It is clear, however, that there was a contract relation between them. They undertook to engage together in a money-making occupation, to which one contributed as capital the horses, harness and wagon, and food and care for the team, and the other his personal services. The reward of each was to be derived from the avails of the business as such, and not by way of compensation either for services or use of property. As to third persons, therefore, within rules too well settled to permit discussion, each became the agent of the other in the prosecution of the common enterprise, and liable for his omissions and faults in regard thereto. (Champion v. Bostwick, 18 Wend. 175 [31 Am.Dec. 376]; Leggett v. Hyde, 58 N.Y. 272 [17 Am.Rep. 244]; Roberts v. Johnson, 58 N.Y. 613.)"

In our opinion this is the exact relationship here between Martin and Cruger. This relationship was neither lessor and lessee nor employer and employee; it was a joint prosecution of an enterprise for mutual profit, each shared in the profits as such, each was liable in the prosecution of that joint enterprise for the act of the other. The fact that the driver was secured by and subject to the regulations of the Company does not, in our opinion, change the relationship; he was simply to drive in accordance with the rules and regulations of the Company. He owed the duty of accounting to Martin for the one-half of the net profits; this was fixed by a contract existing between them, whether this contract was made between them directly, or on behalf of Martin with the driver by the Company, makes no difference.

The relationship between the Company and Martin is only important here insofar as it affects the relationship of Martin and the driver. However, we believe the Company and Martin were engaged in a joint venture. This venture was the transportation of passengers for hire. Finney v. Terrell, Tex.Civ.App., 276 S.W. 340; Thompson v. Duncan, Tex. Com.App., 44 S.W.2d 904; Dexter & Carpenter v. Houston, 4 Cir., 20 F.2d 647.

If such was the relationship between Martin and the Company, each was legally responsible for the act of the other performed within the scope of the enterprise. Golden v. Wilder, Tex.Civ.App., 4 S.W.2d 140; Bonfils v. Hayes, 70 Colo. 336, 201 P. 677; Ellingson v. World Amusement Ass'n, 175 Minn. 563, 222 N.W. 335; Keiswetter v. Rubenstein, 235 Mich. 36, 209 N.W. 154, 48 A.L.R. 1049; Clinchfield Fuel Co. v. Henderson Iron Works Co., 5 Cir., 254 F. 411; Burton-Lingo Co. v. Federal Glass Co., Tex.Civ.App., 54 S.W.2d 170.

An exhaustive note dealing with relationships and liabilities bearing close an-

alogy to the facts here is to be found in 120 A.L.R. 1351, supplemented in 131 A.L.R. 797. It would unduly prolong this opinion to attempt to discuss the authorities therein cited.

 The precedent cited in Martin's brief deals largely with the relationship of independent contractor and owner. It is held, of course, that the owner is not personally liable where his work is so performed either for the negligent acts of the contractor or the employee of the contractor. That situation is not present here, even though it be assumed that a carrier could delegate to an independent contractor its duty to carry and escape the duty to the passenger incident to the relationship. In our opinion, a carrier could not thus evade the duty arising from the relationship. King v. Brenham Automobile Co., Tex.Civ.App., 145 S.W. 278.

It is not contended that the authority last cited directly sustains the proposition. That case holds the relationship between the Transportation Company and the driver there was that of employer and employee. The same reasons do exist, however, that one may not be allowed to engage extensively in the business of a carrier of passengers, derive profit therefrom, and evade his legal responsibilities through the employment of instrumentalities of doubtful financial responsibility.

Error is assigned as to the submission of special issues twenty and twenty-one. In this assignment Martin and the Company joined. Twenty submitted as to whether the ability of Mrs. Weaver to work and labor and earn money in the future had been impaired. Twenty-one, if so, found what sum would fairly compensate plaintiff. Twenty was answered in the affirmative; twenty-one fixed the damages at $1,500. Martin excepted to the submission of these two issues substantially as follows: No evidence that she will earn any money in the future; because there is no evidence that she has earned any money; no evidence of the value of her services to her husband.

The pleadings of the plaintiff clearly tender this issue, and it is a question of the sufficiency of the evidence.

In our opinion the amount of money which one will be prevented from earning in the future by reason of personal injury is not susceptible of direct proof. It is an inference from other facts proved.

The nature, character, and extent of the injuries all have a bearing on the issue. The evidence is ample to sustain a finding that the effect of plaintiff's injury would continue after the date of the trial. Past and present earnings may throw some light on the issue. There was no evidence on this point before the jury, nor in the brief of Martin; nor in the brief of plaintiff is there pointed out evidence of the physical condition of Mrs. Weaver prior to the injury; no evidence is quoted or referred to to show what her activities were prior to her injury. It may be inferred from the record that prior to that time she had driven an automobile.

In support of these assignments the following cases are cited: Beaumont City Lines v. Mahoney, Tex.Civ.App., 143 S.W. 2d 982; Texas & N. O. Ry. Co. v. Crow, 121 Tex. 346, 48 S.W.2d 1106.

██ The first case simply holds, to warrant the assessment of damages for impaired future earning capacity there must be an averment of that element of damage in the petition. Texas & N. O. Ry. Co. v. Crow, is to the effect that all the factual elements of the issue submitted must have a basis in the pleading. It is elementary, however, that there must be evidence to justify the submission of an issue.

Plaintiff's counter-proposition is the jury may properly find diminished future earning capacity from the fact of physical injury shown, although there is no direct testimony other than that showing such physical injuries. In support of the counter-proposition plaintiff cites, among other cases, Texas & P. Ry. v. Bowlin, Tex.Civ. App., 32 S.W. 918, writ denied; De La Vergne Co. v. Stahl, 24 Tex.Civ.App. 471, 60 S.W. 319; Houston Belt & Terminal Ry. Co. v. Davis, Tex.Civ.App., 19 S.W.2d 77; Hamilton v. Harris, Tex.Civ.App., 223 S. W. 533; Jackson-Strickland Transp. Co. v. Seyler, Tex.Civ.App., 123 S.W.2d 928. In each of these cases there is an element that does not appear here, such as a showing that plaintiff was engaged in a gainful occupation, evidence of plaintiff's physical condition before the injury.

The case of Dallas Consolidated Elec. Ry. Co. v. Motwiller, 101 Tex. 515, 109 S.W. 918, 921, has some bearing here. There, it is held that evidence that the plaintiff, a stenographer, was able to walk to her employment before the accident, and unable to do so after, was sufficient

evidence to justify the submission of the issue of impairment of her earning capacity. It is said in the course of the opinion: "When the jury are informed of such a fact as that just stated, they have enough to enable them to allow something upon that score." The fact referred to was the inability to walk to and from her work. In that case the nature of the injuries was in evidence; the fact that she had, both prior and subsequent to the injury, been engaged in a gainful occupation. Deducible from the case is, we think, that she was only entitled to recover under the issue and proof of additional expense of her carfare.

The case of Gulf, C. & S. F. Ry. Co. v. Williams, Tex.Civ.App., 136 S.W. 527, 529, in a measure supports the contention of the plaintiff here, but in that case there was evidence of the physical condition of plaintiff before the injury. In that case the issue of impaired earning capacity was submitted. In the opinion it is said: "The evidence at the trial was, in effect, that plaintiff had suffered continuously from the day of her injury to the time of trial, and that her injuries were permanent." This evidence authorized the charge given. It does not appear from the case as reported that there was evidence as to the activities of the plaintiff before the injury or as to her earnings, if any.

■ Beyond question, the husband has a right to recover for the impairment of his wife's capacity to labor and earn money thereby; has a right to recover for an impairment of ·her capacity to perform her domestic duties. In this latter case it is well established the jurors may, from their experience, pass upon this issue without direct evidence relating to same.

■ Here, the issue was impaired capacity to earn money through labor. The only evidence to support the inference of an impairment and to estimate the loss arising therefrom is purely as to the nature and extent of the injury; no evidence as to her prior physical condition, no evidence as to any prior occupation or prior labor. In our opinion the evidence is insufficient to justify the sub-mission of the issue. In order to justify the submission of the issue of damages arising from incapacity to labor and earn money some evidence must be introduced to enable the jury to estimate the extent and amount of such loss. Gulf, C. & S. F. Ry. Co. v. Gardner, Tex.Civ.App., 266 S.W. 809; Dallas Consolidated Electric Ry. v. Motwiller, 101 Tex. 515, 109 S.W. 918; Red Arrow Freight Lines v. Gravis, Tex.Civ.App., 84 S.W.2d 540, and authorities cited; Hyde v. Marks, Tex.Civ.App., 138 S.W.2d 619.

The assignments are sustained.

In view of the fact that this case may be tried again it is appropriate that we pass upon the assignments relating to the issue of discovered peril.

■ In our opinion the issue of discovered peril is not in this case. The court submitted no issue of contributory negligence on the part of plaintiff's wife. The issue was neither pleaded nor was there any evidence sustaining same. St. Louis Southwestern Ry. Co. v. Jacobson, 28 Tex.Civ.App. 150, 66 S.W. 1111, writ denied; 30 Tex.Jur., p. 681, par. 32.

Defendants in the premises were charged with the duty arising from not only what was actually discovered, but what should have been discovered in the exercise of the degree of care applicable to the relationship between them and plaintiff's wife. As has been stated, her perilous situation arose from no act or omission on her part.

■ It is unnecessary to discuss the conflict between the finding of the operation of the car in excess of twenty miles per hour and the finding that the operation thereof at an excessive rate of speed did not constitute negligence. We will say, however, that in our opinion there is no conflict. Under the law applicable at the time of the accident, it was negligence to drive the car at a rate of speed on the streets of the City in excess of twenty miles per hour. A finding that the excessive rate of speed did not constitute negligence does not conflict therewith. Driving in excess of twenty miles per hour constituted negligence.

Reversed and remanded.