MARGARET MCDOUGALL, PLAINTIFF IN ERROR, V. ANTONIO GIACOMINI AND PETER RANK, DEFENDANTS IN ERROR.

1. **Liquors:** ACTION AGAINST SALOON KEEPERS. The wife of M. sued certain saloon keepers for loss of means of support, caused by the intoxication of her husband from liquors alleged to have been furnished by them. The petition contained twelve counts commencing November 30th, 1876, and terminating in October, 1880, and there was testimony which was uncontradicted tending to sustain two of the counts. *Held*, That a verdict for the defendants was against the weight of evidence.

McDougall v. Giacomini.

2. ———: EVIDENCE. The sale of intoxicating liquors may be proved like any other fact by circumstantial evidence.

ERROR to the district court for Colfax county. Tried below before GASLIN, J., sitting in absence of POST, J.

*Phelps & Thomas*, for plaintiff in error, cited *Kearney v. Fitzgerald,* 43 Iowa, 584. Greenleaf Evidence, p. 38, sec. 33. Cooley on Torts., 247.

*W. H. Munger*, for defendants, cited *Macleod v. Gerger*, 6 N. W. R., 21. *Kreiter v. Nichols*, 28 Mich., 496. *Parker v. The State*, 4 Ohio State, 563.

MAXWELL, J.

This action was brought in the district court of Colfax county by the plaintiff against the defendants to recover damages sustained by her for the loss of means of support by the intoxication of her husband, which it is alleged was caused by liquor furnished by the defendants. On the trial of the cause in the court below, a verdict was rendered for the defendants, upon which judgment was given. The petition contains twelve counts, the causes of action commencing on the 30th day of November, 1876, and terminating on the 10th day of October, 1880. The principal causes of action are for loss of time caused by intoxication of Alexander McDougall, the husband; the whole amount of damages claimed being $5,000. The answers admit that the plaintiff is the wife of Alexander McDougall, and admit that the defendants were licensed saloon keepers at Schuyler, and deny all the other facts stated in the petition.

The action is brought under section 579 of the crim. code of 1873 (Gen. Stat., page 853), which reads as follows: "On the trial of any suit under the provisions hereof, the cause or foundation of which shall be the acts done or

injuries inflicted by a person under the influence of liquor, it shall only be necessary, to sustain the action, to prove that the defendant or defendants sold or gave liquor to the person so intoxicated, or under the influence of liquor, whose acts or injuries are complained of, on that day or about that time when said acts were committed or said injuries received; and in an action brought by a married woman, or other person whose support legally devolves upon a person disqualified by intemperance from earning the same, it shall only be necessary to prove that the defendants have given or sold intoxicating drinks to such person in quantities sufficient to produce intoxication, or when under the influence of liquor."

A large number of errors are assigned in the petition in error, but the only error relied upon is that the verdict is against the weight of evidence. Mrs. McDougall testifies that on or about the thirtieth of November, 1876, she saw her husband and Mr. Kenier standing at the bar of Mr. Giacomini's saloon drinking, her husband at the time being "pretty badly under the influence of liquor; they had been drinking all the afternoon." She also states that the same afternoon she saw her husband in the saloon of Peter Rank. She also testifies to the number of times her husband had been intoxicated while in Schuyler between November 30th, 1876, and the commencement of the action, and states a number of instances where he was found intoxicated, generally in connection with the saloon of Mr. Giacomini. A. B. Wilson testified that about October 12th, 1880, he saw Mr. McDougall go into Giacomini's saloon while drunk and "get a drink, him and Tom McGary." One Perrine testified that he drank with McDougall on two occasions, at least once in Giacomini's saloon, in April, the year not being given, when they were all under the influence of liquor. One Stevens testifies that in October, 1880, he saw McDougall go into Giacomini's saloon in the morning sober, and about two o'clock saw him standing

30

close to the door where he went in "a little drunk." The plaintiff's son testified that in October, 1880, he saw his father in Giacomini's saloon, and about the same time he saw him in the saloon of Peter Rank drinking while under the influence of liquor. The defendants offered no testimony and none of the above is denied. The testimony shows that McDougall is a carpenter and a good workman, and when not under the influence of liquor attends to his business. And also shows that the wife has sustained very great injury. by reason of the loss of means of support. Does the testimony tend to show that the defendants, or either of them, furnished the liquor which caused the intoxication? We think it does.

The attorney for the defendants contends that to entitle the plaintiff to recover the evidence must show: *First*, That the defendants, or one of them, gave or sold the husband of the plaintiff liquors. *Second*, That such liquors were intoxicating. This we think is correct. As to the first proposition, it will be seen from the evidence that the proof upon that point is sufficient. Upon the second, we are to consider the facts. The defendants plead that they are licensed saloon keepers in the town of Schuyler. The word "saloon," which originally meant a large public room or parlor, in this state has acquired a more restricted meaning and is usually applied to a place where intoxicating liquors are sold. A licensed saloon keeper in this state, therefore, is a person licensed to sell intoxicating liquors. The proof, too, tends to show that such was the business of both the defendants. This being their business, and their places of business being under their control, if liquor was furnished therein to any person, *prima facie* it would seem to be done with the consent of the defendants.

While every essential fact stated in the petition which is denied by the answer must be proved by a preponderance of evidence, this need not be done by direct proof. These facts may be shown by circumstantial evidence.

*People v. Hulbert,* 5 Den., 133. *State v. O'Connor,* 49 Me., 594. *State v. Hynes,* 66 Id., 114. Thus, suppose it is shown that a place is a licensed saloon, and that persons go in there sober and come out under the influence of liquor. These facts raise a presumption that such persons obtained intoxicating liquor in the saloon. *Com. v. Van Stone,* 97 Mass., 548. *Com. v. Kennedy,* Id., 224. The business of a saloon keeper is to sell intoxicating drinks by the glass. If, therefore, the proof shows that he has sold or furnished liquor at his place of business, the presumption would seem to be that such liquor was such as his business required him to keep and furnish to his customers—intoxicating liquors. The fact of intoxicating liquor being furnished by a saloon keeper may be proved like any other fact. Suppose a murder was committed in the saloon and no one was present to witness the deed, could the murderer not therefore be proved guilty because there was no direct evidence that he committed the crime? In such case, when the fact of the murder was proved, all the facts and circumstances which tended to show that the person accused committed the crime would be competent evidence, and if this proof reached that degree of certainty required by the criminal law, would justify the conviction and execution of the accused, although no one had seen him commit the offense. If such testimony is sufficient to authorize a conviction for offenses where the punishment involves the life or liberty of the accused, and where the proof must establish the guilt beyond a reasonable doubt, the same kind of proof certainly is sufficient to establish the sale of intoxicating liquors where the punishment is merely pecuniary compensation, and the degree of proof required merely a preponderance of the evidence.

The testimony in this case tends to show that the business of each of the defendants was keeping a saloon where intoxicating liquors were furnished to customers, and also tends to prove at least two counts in the petition. This

was testimony that was uncontradicted and that the jury had no right to disregard, and as the plaintiff had proved damages to some extent at least, she was entitled under the evidence to a verdict for some amount. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.