## KOLLENBERGER ET AL. v. THE PEOPLE.

1. Section 22 of "An act to provide for the branding, herding and care of stock" (paragraph 3190, Gen. St.) is part of a special act, the effect of which is not to take a larceny of any of the animals out of the provisions of the general act, but to leave it indictable under either act.
2. All statutes *in pari materia* are to be construed together. Repeals are not favored. Whenever the earlier and the later provisions of the law can stand together they will be permitted to do so.
3. The words in an indictment "the same being living animals" may be rejected as surplusage.
4. Evidence of threats made after the confession of accused is *clearly inadmissible*.
5. A general verdict is according to the course of the common law, in conformity to which all trials for criminal offenses are to be conducted, except where a different mode is pointed out.

*Error to District Court of Arapahoe County.*

INDICTMENT for larceny: * * * "The grand jurors chosen, selected, impaneled and sworn, within and for the county of Arapahoe, in the name and by the author-

ity of the people of the state of Colorado, upon their oaths, present that William Kollenberger and Charles Huff, late of the county of Arapahoe aforesaid, on, to wit, the 6th day of July, A. D. 1882, in the county of Arapahoe aforesaid, in the state of Colorado,— two calves, of the value of $15 each, the same being living animals; and two other calves, of the value of $15 each; and three hundred pounds of veal, of the value of ten cents per pound; and two calf hides, of the value of $1 each,— of the property, goods and chattels of one William A. Hamill, then and there being found, feloni- ously did take, steal, lead, drive and carry away, with an intent to steal the same, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the state of Colorado."

Trial.   Verdict of guilty, and defendant sentenced to imprisonment in the penitentiary.   Writ of error to the supreme court.

Section 65 of the Criminal Code: "Larceny is the felo- nious stealing, taking, and carrying, leading, riding or driving away the personal goods of another.   Larceny shall embrace every theft which deprives another of his money or other personal property, or those means or muniments by which the right and title to property, real or personal, may be ascertained.   Private stealing from the person of another, and from a house in the day-time, shall be deemed larceny.   Larceny may also be commit- ted by feloniously taking and carrying away any bond, bill, note, receipt, or any instrument of writing or value to the owner.   Every person convicted of larceny, where the article or thing stolen shall exceed the value of $20, shall be punished by confinement in the penitentiary for a term of not less than one year nor more than ten years."   As amended by acts 1881, substantially the same prior thereto.

Section 22 of " An act to provide for the branding, herding, and care of stock" (Gen. St. p. 931:)  " Any

person who shall steal, embezzle, or knowingly kill, sell, drive, lead, or ride away, or in any manner deprive the owner of the immediate possession of, any neat cattle, horse, mule, sheep, goat, swine or ass; or any person who shall steal, embezzle, or knowingly kill, sell, drive, lead, or ride away, or in any manner apply to his own use, any neat cattle, horse, mule, goat, sheep, ass or swine, the owner of which is unknown; or any person who shall knowingly purchase from any one not having the lawful right to sell and dispose of the same, any neat cattle, horse, mule, sheep, swine or ass, shall be deemed guilty of a felony, and, on conviction thereof, in any court of competent jurisdiction, shall be punished by imprisonment not exceeding six years, or by a fine not exceeding $5,000, at the discretion of the court." Act of March, 1877.

Messrs. GEO. W. MILLER and JOHN D. ELLIOTT, for plaintiffs in error.

The Attorney-General, THEO. H. THOMAS, for the People.

ELBERT, J. Section 65 of the Criminal Code (paragraph 753, Gen. St.) defines the crime of larceny, and is a general provision. Section 22 of "An act to provide for the branding, herding and care of stock" (sec. 3190, Gen. St.) is part of a special act. The effect of this last act is not to take a larceny of any of the animals therein named out of the provisions of the general act, but to leave it indictable under either act. To this extent the two provisions are concurrent. All statutes *in pari materia* are to be construed together. Repeals are not favored. Whenever the earlier and the later provisions of the law can stand together, they will be permitted to do so. Bish. St. Crim. § 123 *et seq.;* id. § 164 *et seq.*

There is no ground, therefore, for saying that the indictment in this case charges two distinct felonies under two different statutes.   It is the common case of an indictment for larceny where various goods and chattels, the subject of a single larceny, are joined in one count, and where proof of the larceny of any one of them sustains the indictment.   Such a *count is not bad for duplicity.* 1 Whart. Crim. Law, § 391.

The indictment is good under the general act, and follows its language so closely as to leave no doubt that it was drawn with reference to it.   The words in the indictment, "the same being living animals," may be rejected as surplusage.   When animals are stolen alive, it is unnecessary to state them to be alive.   The law presumes this, unless the contrary is stated.   When dead, that fact must be stated.   1 Whart. Crim. Law, § 359. But one offense being charged, no case was presented requiring the prosecuting attorney to elect which offense he would prosecute.

The evidence upon the trial below was sufficient to warrant the jury in finding the defendants guilty of the larceny of the two calves mentioned in the indictment. Evidence of threats made *after* the confession of the defendant Huff was clearly inadmissible.   Such threats could in nowise have influenced his confession prior thereto.   Nor is the objection to the verdict, on the ground that it is general, well taken.   A general verdict in such a case is "according to the course of the common law," in conformity to which in this state all trials for criminal offenses are to be conducted, except where a different mode is pointed out.   Sec. 272, Crim. Code (Gen. St. 960).

Whether the special act modifies the punishment prescribed by the general act, whenever the subject-matter of the larceny comes within the provisions of the special act, need not be considered, for the reason that the terms

of imprisonment to which the prisoners in this case were sentenced are within the shorter term prescribed by the special act.

We find no substantial grounds for reversing the judgment of the court below, and it is accordingly affirmed.

*Affirmed.*