## DALLAS V. REDMAN.

Section 21 of article V of the state constitution, prescribing that a bill shall contain but one subject, which shall be clearly expressed in the title, must receive a reasonable interpretation, and whenever a matter contained in the statute may fairly be considered germane to the subject expressed by the title it is sufficient.

*Error to District Court, Saguache County.*

THIS was an action brought by Mrs. Dallas against G. A. Gibbs, upon a promissory note, for balance due thereon of about $1,500. A writ of attachment was duly issued in the case and certain real estate and personal property seized thereunder; whereupon Mrs. Redman, the defendant in error, claiming to be the owner of said real and personal property, came and filed her plea of inter-vention in the case, setting forth that she was the owner and lawfully seized and possessed of said property, which had been seized under the writ; to which pleading the plaintiff filed a motion to strike from the files, as follows: "(1) Because there is no law of this state authorizing any such paper to be filed in such case. (2) Because the pre-tended law under which such paper purported to have been filed is in conflict with the constitution of this state."

The court denied the motion and ruled the plaintiff to plead to the petition of the intervenor; whereupon the plaintiff answered the same, denying the allegations thereof, together with some affirmative allegations, to which there was a replication; so that the issues between the plaintiff and the intervenor were made up, and the

same were tried to a jury. The verdict was for the intervenor, the defendant in error here, that she was the owner of the said property and entitled thereto. Plaintiff filed a motion for a new trial upon the same grounds set forth in said motion to strike, together with other reasons, referring to the admission and rejection of evidence on the trial; which other reasons were not presented to this court on assignment of error, as the evidence at the trial was not made a part of the record. The court denied the motion for a new trial, and gave judgment upon the verdict. A final judgment was given for plaintiff against defendant Gibbs for amount of demand, and plaintiff brings the case here on error assigned against the intervenor, defendant in error.

Assignment of errors, as follows: (1) The court below erred in overruling the plaintiff in error's motion to strike the pretended petition of intervention of the defendant in error, filed July 13, 1883, from the files of the court, and of this cause. (2) The court below erred in overruling plaintiff's motion for a new trial. (3) The court erred in not sustaining the motion to strike the pretended petition of intervention from the files, upon the grounds set forth in said motion. (4) The court erred in not sustaining the motion for a new trial for the first ground in said motion set forth. (5) The district court erred in dissolving the attachment as to the property described in the pretended petition of intervention.

Mr. GEORGE PUHL, for plaintiff in error.

Mr. C. A. ALLEN, for defendant in error.

STALLCUP, C. By the assignment of errors and argument of counsel, we have one question presented for consideration, and that is as to the constitutionality of the act of 1883, providing the remedy by intervention where the property attached in an action is claimed by a person not party to the action. It is insisted on the part of the ap-

pellant that the act is unconstitutional and void, for the
reason that the title thereto does not sufficiently express
the subject-matter thereof, as required by section 21 of
article 5 of our constitution.   The title of said act is as
follows: "An act to amend an act entitled 'An act pro-
viding a system of procedure in civil actions in the courts
of justice of the state of Colorado,' approved March 17,
1877, and to further amend a certain amended section,
and to revive and amend a certain repealed section
thereof."   The said act may be found on page 112 of Ses-
sion Laws of 1883.   It contains three sections beside the
"emergency clause" section.   The first section thereof
amends section 53 of the act providing a system of pro-
cedure in civil actions.   The second section is as follows:

"Sec. 2.  Section 99 of said act, having been heretofore
repealed, is hereby revived, re-enacted, and amended so
as to read as follows:  Sec. 99.  In all cases of attach-
ment, any person other than the defendant, claiming
any of the property attached, or any lien thereon or in-
terest therein, may intervene without giving bail, but the
property attached shall not thereby be replevied or re-
leased.   Such intervention shall be by verified petition
stating the right or interest which the intervenor claims
in or to such property; and the same may be filed in said
cause at any time before the trial of the cause upon its
merits; and as soon as notice of the intervention shall
be given to the interested parties to the action, or their
attorneys, with reasonable opportunity to them to defend
against the same, the same shall be tried as follows: If
the intervenor claim the absolute title or ownership to
the property, either party shall be entitled to trial by
jury; but if the claim be by mortgage, or some interest
less than full title or ownership, the trial shall be by
court, unless the court shall direct an issue to a jury.
In case the verdict or finding shall be for the intervenor,
the damages which he has suffered by reason of the at-
tachment of the property may be assessed in such verdict

or findings, and the intervenor shall recover the same, together with his costs, of the plaintiff in the attachment, and the court shall render such judgment in reference to the attached property as will secure the right of the intervenor thereto or therein, according to such verdict or finding; and in case the verdict or finding shall be for the plaintiff, he shall recover costs against such intervenor; and the court may require the intervenor to give security for costs for like causes and in like manner as the plaintiff may be required to give security for costs in civil actions."

The third section amends section 159 of the act providing a system of procedure in civil actions.

Section 21 of article 5 of our constitution is as follows:

"Sec. 21. No bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title; but, if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The act referred to contains but one subject, and the same is clearly expressed in the title. In the case of *Clare v. People*, 9 Colo. 122, where this same constitutional provision was considered by this court, with reference to an act entitled "An act to facilitate the recovery of ore taken by theft or trespass, to regulate the sale and disposition of the same, and for the better protection of mine owners," this court held that, there being but one general subject expressed, the fact that the legislature saw fit to incumber the title with two specifications, under that subject, does not render it obnoxious to this constitutional provision; also that the purpose of this constitutional provision was to prevent imposition upon the legislature and the people, through the practice of dealing in bills with subjects of which the titles give no intimation; that this constitutional inhibition must receive a reasonable interpretation, and, whenever a matter con-

tained in the statute may fairly be considered germane to the subject expressed by the title, it is sufficient.

The judgment should be affirmed.

PER CURIAM.   For the reasons assigned in the foregoing opinion the judgment of the district court is affirmed.

*Affirmed.*