## In re Pratt.

1. **Statutory Construction.**

While the statute (Mills' Ann. Stats. sec. 3190) is silent as to the place of imprisonment of one convicted of the offense therein proscribed, yet it provides that he shall be deemed guilty of a felony, which in effect is a provision that he shall be imprisoned in the penitentiary.

2. **Felony, defined.**

The term felony, whenever it occurs in the constitution or laws of this state, means any criminal offense punishable by death or imprisonment in the penitentiary, and none other.

3. **Constitutional Law—Title of Act.**

The purpose of an act entitled "An act to provide for the branding, herding and care of live stock, and to repeal certain acts in relation thereto," is to protect the ownership of live stock, and a section of the act providing that any person who shall steal, etc., any neat cattle, horse, etc., shall be deemed guilty of a felony and punished, is well intended to carry out that purpose; it furnishes effective and appropriate means to that end, and is germane to the subject expressed in the title of the act.

4. **Same.**

It is provided by sec. 21, art. 5 of the Constitution that no bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title. This inhibition must receive a reasonable construction. It is enough if the bill treats of one general subject, and that subject is expressed in the title.

*Original Proceeding—Application for Habeas Corpus.*

Mr. A. F. Hollenbeck, for petitioner.

The Attorney General, for the People.

Per Curiam. The petitioner was indicted on the 4th day of June, 1891, in the district court sitting in and for Baca county, for feloniously stealing two steers on the 20th day of November, 1889. Upon the trial of the cause, on June 10, 1893, he was found guilty of larceny in manner and form as charged in the indictment, and the value of the property

stolen was found to be $16.00. He was thereupon sentenced by the court to hard labor in the penitentiary for the term of six months. He alleges that such sentence was void and his imprisonment thereunder illegal, because not authorized by any law of the state in force at the time the offense was committed. That under section 753 of the General Statutes of 1883, being section 1230 of Mills' Statutes, to constitute grand larceny, punishable by imprisonment in the penitentiary, the value of the property stolen must exceed the sum of $20.00, and that the sentence could not be imposed under section 3190 of the General Statutes, section 4271 of Mills' Statutes, because the place of imprisonment is not therein designated, and under the decision of this court in the case of *Brooks et al. v. People*, 14 Colo. 413, he should have been confined in the county jail. It was held in the case of *Kollenberger v. The People*, 9 Colo. 233, that those sections were concurrent, and that the crime of larceny of live stock was indictable and punishable under either. While the crime as charged in the indictment in this case is within the purview and language of both of these sections, yet the sentence was manifestly imposed under the latter section, which is as follows :

" Any person who shall steal, embezzle, * * * drive, lead or ride away * * * any neat cattle, horse, etc., * * * shall be deemed guilty of a felony, and on conviction thereof in any court of competent jurisdiction shall be punished by imprisonment not exceeding six years, or by fine not exceeding five thousand (5,000) dollars, at the discretion of the court."

This section is clearly not amenable to the objection relied on by counsel for petitioner. While it does not in express terms provide the place of imprisonment, yet in effect it does so by providing that the offense therein proscribed shall be deemed a felony.

By section 4, art. 18, of the State Constitution, all felonies not capital are made punishable by confinement in the penitentiary, and reads as follows :

" Sec. 4. The term felony, wherever it may occur in this

constitution or the laws of the state, shall be construed to mean any criminal offense punishable by death or imprisonment in the penitentiary, and none other."

In *Brooks et al. v. People, supra,* the statute under which the sentence was imposed did not designate the offense as a *felony.*

It is further contended that section 3190 is unconstitutional because it contains a subject not expressed in the title of the act in which it appears. The title of the act is as follows :

" An act to provide for the branding, herding and care of stock, and to repeal certain acts in relation thereto."

We think this position is also untenable. The purpose of the act as expressed in its title is evidently to protect the ownership of live stock. The word care, as therein used, may and should be regarded as synonymous with the word protection. The section under consideration is well intended to carry out that purpose, and furnishes very effective and appropriate means to that end.

As was said in the case of *Golden Canal Co. v. Bright,* 8 Colo. 144 :

" This constitutional inhibition must receive a reasonable construction. It is enough if the bill treats of but one *general subject,* and that subject is expressed in the title ; to require that each subdivision of the subject, each and every of the ' ends and means necessary or convenient for the accomplishment of the object,' must be specifically mentioned in the title, would greatly impede and embarrass legitimate legislation."

The writ is dismissed, and the prisoner remanded to the custody of the warden of the penitentiary.

*Writ dismissed.*