20   355
f26   364

[No. 3899.]

CARDILLO v. THE PEOPLE.

1. CONSTITUTIONAL LAW—SALOONS—KEEPING OPEN ON SUNDAY.

Session Laws, 1891, page 315, entitled " An act to regulate the keeping of saloons and other drinking places or resorts, and imposing penalties for a violation of such regulations," and providing a penalty for ·keeping open any saloon, bar or other place where spirituous and other liquors are kept and sold, after midnight and on Sundays is not in contravention of section 21, article 5, of the constitution requiring the subject of an act to be clearly stated in the title.

2. SAME.

That part of section 2 of the act regulating the keeping of saloons, etc., Session Laws, 1891, page 315, which makes certain facts *prima facie* evidence of guilt is not in violation of paragraph 8, section 25, article 5 of the constitution providing that the legislature shall not pass any special law " changing the rules of evidence in any trial or inquiry."

3. SAME—EXCESSIVE PENALTIES.

Session Laws, 1891, page 315, prohibiting the keeping open of saloons, etc., after midnight and on Sundays and providing as a penalty for its violation a fine of not less than $100 nor more than $500, or imprisonment not less than six nor more than eighteen months or both such fine and imprisonment at the discretion of the court, is not in violation of section 20, article 2 of the constitution providing that excessive fines shall not be imposed, nor cruel and unusual punishments be inflicted.

4. APPELLATE PRACTICE—CRIMINAL CASES.

A defendant convicted of violating one provision of a statute, on appeal is not entitled to an exposition of the effect and scope of other provisions of the act he is not charged with violating.

5. APPELLATE PRACTICE IN CRIMINAL CASES—EVIDENCE.

On appeal from a conviction in a criminal case where facts were proven
which taken in connection with legitimate inferences drawn there-
from were sufficient to warrant the verdict, or finding of the trial
court, of the guilt of defendant, and the facts being particularly
within defendant's knowledge are unexplained, the finding or ver-
dict will not be disturbed.

*Error to the District Court of Pueblo County.*

Messrs. ARRINGTON & McALINEY and Messrs. C. E. & F.
HERRINGTON, for plaintiff in error.

The Attorney General and Mr. CALVIN E. REED, Mr.
GEORGE H. THORNE and Mr. DAN B. CAREY, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the
court.

The defendant was proceeded against in the district court
of Pueblo county under an information charging him with
keeping open, and failing to keep closed, his saloon on the
first day of the week, commonly called Sunday. He was
found guilty and sentenced to pay a fine, from which he has
appealed to this court. The section of the statute upon which
the prosecution is based is as follows:

" Sec. 2. Every saloon, bar or other place where spirituous,
vinous, malt or other liquors are kept, sold, bartered, ex-
changed and given away or are kept, sold, bartered, exchanged
or given away, shall be closed and kept closed from twelve
o'clock at midnight until six o'clock in the morning of every
day in the week, except Sunday or the first day of the week,
and on Sunday or the first day of the week as aforesaid the
said places hereinbefore in this section mentioned shall be
closed at twelve o'clock at midnight on Saturday of each and
every week and kept closed until six o'clock in the morning
of the following Monday of each and every week; that dur-
ing the time and times herein specified in which the said

saloons, bars and other places are to be kept closed, no liquor of any kind whatsoever shall be sold, bartered, exchanged or given away, and no person or persons whomsoever, other than those connected with the business of carrying on or keeping the said saloon, bar or other place or places as aforesaid shall be permitted to be or remain in or around the same, but all and every such person or persons shall be expelled and put out of the same. Any and every person convicted of violating any of the provisions of this section shall be punished by a fine of not less than one hundred nor more than five hundred dollars or imprisoned not less than six months nor more than eighteen months or by both such fine and imprisonment at the discretion of the court; and if it shall appear that a person or persons not employed in and about the business as aforesaid, shall be permitted to remain in the said saloon or other place or places as aforesaid, such fact shall be *prima facie* evidence in favor of the guilt of the accused party or parties." Sess. Laws, 1891, p. 315.

The title reads : " An act to regulate the keeping of saloons and other drinking places or resorts, and imposing penalties for a violation of such regulations."

The principal questions discussed by counsel for plaintiff in error may be grouped under the following heads : first, the statute of which the foregoing section is a part contravenes section 21 of article 5 of the constitution, in that the subject of the act is not clearly expressed in the title; second, that portion of the foregoing section making certain facts *prima facie* evidence of guilt violates paragraph 8 of section 25 of article 5, which says : " The general assembly shall not pass local or special laws " (paragraph 8) " changing the rules of evidence in any trial or inquiry;" third, the penalty prescribed is excessive, within the meaning of section 20 of article 2 of the constitution, which ordains " that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted ; " fourth, the court below, both in its instructions and in its ruling upon the evidence, erred in its interpretation of the statute ; fifth, the evidence is insufficient to sustain the verdict.

1. The contention of defendant's counsel is that the act upon which the prosecution is based is unconstitutional because its subject-matter is not clearly expressed in its title. The position of counsel can best be shown by briefly summarizing their argument. It may be divided into three heads : (*a*) the meaning of " saloon " does not necessarily indicate a place where intoxicating liquors are sold, and consequently the use of that word in the title is not any intimation of the subject-matter that is contained in the act; (*b*) if " saloon " legally designates a place where spirituous and other liquors are kept and sold, still the title is insufficient because the partial prohibition or regulation of the sale of such commodity, which is the thing legislated about—that is, the chief matter covered by the legislation,—is a different thing from the regulation of the place where such commodity might be kept or sold, which is the only subject expressed in the title but only incidentally treated of in the act; (*c*) if " saloons " comprehends places where liquors are kept and sold, this title, nevertheless, is false and deceptive ; false because, while speaking of saloons generally, the body of the act singles out only places where intoxicating liquors are sold, and deceptive, because on reading it one would not understand that the body of the act was to have so limited an effect.

According to the definition of Webster and other lexicographers, a saloon does not necessarily indicate a place for the sale of even liquid refreshment; the commonly accepted definition is :

" Saloon : A spacious and elegant apartment for the reception of company or for works of art ; a hall of reception, esp. a hall for public entertainments or amusements ; a large public room or parlor ; as, the saloon of a steamboat. ' The gilded saloons in which the first magnates of the realm * * * gave banquets and balls.' Macaulay."

" 2. Popularly, a public room for specific uses ; esp. a bar-room or grog shop ; as, a drinking saloon ; an eating saloon ; a dancing saloon."

We think, however, this argument is not sound, as we

shall proceed to show.    One of the definitions of saloon found
in the new Century dictionary is "a place where intoxicat-
ing liquors are sold and drunk; a grog shop."    In our own
statutes is found the following : " A saloon or grocery shall
be deemed to include all places where spirituous or vinous
liquors are sold by quantities less than one quart."    2 Mills'
Ann. Stats. sec. 2834 (Gen. Stats. 1883, sec. 2107).    The
word "saloon" has been used in the sense of liquor saloon in
these and other places in our statutes.    Session Laws, 1861,
pp. 70, 71; Rev. Stats. 1868, pp. 425, 426; 2 Mills' Ann.
Stats. secs. 2830, 2831, 2832, 2833, 2834, 2835, 2837; Ses-
sion Laws, 1885, 174.

In the cases cited by counsel in support of their claim
as to the meaning of the word "saloon," it will be found upon
an examination that what they decide is that "saloon" does
not necessarily designate a house for retailing or supplying
spirituous liquors, and while the word is sometimes used in
that sense, it has not acquired the legal significance of a house
kept for retailing intoxicating liquors to the exclusion of any
other meaning, as given by the lexicographers.    In other
words, the term has different meanings, and the meaning it
has in a given case depends, among other things, upon the con-
text.    This is apparent from an examination of the cases,
some of which are here given : *Early v. State*, 23 Tex. App.
364; *State v. Mansker*, 36 Tex. 364; *Clinton v. Grusendorf*,
80 Ia. 117; *Kitson v. The Mayor*, 26 Mich. 326; *Goozen v.
Phillips*, 49 Mich. 7; *Mt. Pleasant v. Vansice*, 43 Mich. 361;
*Snow v. State*, 50 Ark. 557.    Sec. 4187, Mills' Ann. Stats.
(Gen. Stats. 1883, sec. 3143) reads : " All general provisions,
terms, phrases and expressions, used in any statute, shall be
liberally construed, in order that the true intent and meaning
of the general assembly may be fully carried out."

As showing that in the title now before us "saloons" was
not used generically, are the words "and other drinking
places or resorts."    These at least suggest that the saloons
to be legislated about are those where drinking is carried on.
And when considered in the light of one of the authorized

definitions, and that the word has been employed in the various statutes in this state as synonymous with places where intoxicating liquors are kept and sold, we are satisfied that, in this title, the term "saloons" is used in the sense of a bar-room or grog shop or drinking saloon kept for supplying intoxicating liquors. See, also, in favor of this construction, *McDougall v. Giacomini*, 13 Neb. 431.

If, however, this be so, as we have decided it is, our attention is directed to *Common Council of Beverly v. Waln*, 57 N. J. Law, 143, and *Coutieri v. Mayor*, 44 N. J. Law, 58, to the proposition that the title is false and deceptive.

We have examined these cases with a good deal of care, and whatever may be said about them, if their doctrine is that the title before us is too general for what is contained in the act they are clearly contrary to our own decisions in *In re Breene*, 14 Colo. 402, and others hereinafter cited. It has been repeatedly said that the generality of a title is no objection to it, and this court has had occasion frequently to remark that if the general assembly should make titles to acts broader and more general it would be safer than to restrict them. We are of opinion that "saloons" as used in the title, means the kind of saloons that are described in the body of the act, and this conclusion sufficiently disposes of this branch of the case.

Moreover, counsel are clearly in error in making the unwarrantable assumption that the chief object, or subject, legislated about is the regulation or restriction of the sale of liquors. Prior legislation sufficiently covered such regulation, and at the same session when the act in question was passed there was passed another act specifically restricting and regulating their sale. Sess. Laws, 1891, 259. The general subject expressed in the title is the regulation of the keeping of saloons or other drinking places or resorts, and not the regulation of the sale thereof. In determining what is the subject of the act counsel for plaintiff in error altogether disregard section 1, which prohibits the keeping in connection with a saloon of any wine room or other place into which any female person

shall be permitted to enter and be supplied with any kind of liquor. Whether or not the portion of the section which prohibits the sale of liquors during the time specified is germane to the general subject expressed in the title, though probably not a difficult question, is not one that is before us at the present time. The information upon which this defendant was tried charges him with keeping open, and failing to keep closed, his saloon, and the clause of the act directing when saloons should be closed is clearly germane to, and is clearly within, the general subject expressed in the title.

The fundamental error of counsel is in assuming that the keeping of the saloon is but an incidental object of the main purpose in view, viz, the regulation or restriction of the sale of liquors. That this title clearly embraces the principal thing legislated about, viz, the regulation of the keeping of saloons, etc., is supported, upon principle, by the following, among other, authorities that might be cited: Cooley's Const. Lim. 172; *Catron v. County Comrs.*, 18 Colo. 553; *Golden Canal Co. v. Bright*, 8 Colo. 144; *Clare v. The People*, 9 Colo. 122; *Dallas v. Redman*, 10 Colo. 297; *Harding v. The People*, 10 Colo. 387; *Edwards v. D. & R. G. R. R. Co.*, 13 Colo. 59; *Stocknan v. Brooks*, 17 Colo. 243; *Jones v. Aspen Hardware Co.*, 21 Colo. 263; *Independent Ditch Co. v. Ag. Ditch Co.*, 22 Colo. 513; *Tabor v. Com. Nat. Bank*, 62 Fed. Rep. 383; *Johnson v. The People*, 83 Ill. 431; *Jonesboro City v. C. & St. L. R. R. Co.*, 110 U. S. 192; *Allegheny County Home's Case*, 77 Pa. St. 77; *In re Pratt*, 19 Colo. 138.

2. The concluding portion of the section makes it *prima facie* evidence in favor of the guilt of the defendant if it shall appear that a person or persons not employed in the business shall be permitted to remain about the saloon. Counsel contend that this provision is in violation of that provision of our constitution which prohibits the general assembly from passing local or special laws changing the rules of evidence. To this we answer that this is not a local or special law. It is uniform in its operation, and applies equally to all persons who engage in the business of keeping saloons.

It is also said that it makes the fact of permitting persons to remain in saloons conclusive evidence, because their mere presence there, with the defendant's permission, of itself is sufficient to establish his guilt. We fail, however, to appreciate the force of this argument, as this circumstance is made only *prima facie* evidence, and still gives the defendant opportunity, by other sufficient evidence, to overcome the presumption. But it is further urged that it is incompetent for the general assembly to make that *prima facie* evidence of guilt which the defendant has no ability to prevent, or over which he has no control. Counsel are mistaken in their attempt to apply that principle to this law, for the reason that connection between the fact made *prima facie* evidence, and the fact actually necessary to prove guilt, is so close and intimate that the one is fairly said to prove the other. In other words, if the accused permits or suffers persons not regularly employed to remain in and about the premises, their presence there is due to his own acquiescence and consent, and it is within his power, if he sees fit to exercise it, to withhold his permission to, and prevent their being in the saloon, and, by so doing, be able to destroy the presumption that arises from their presence there with his permission. *Commonwealth v. Hogs*, 10 S. & R. (Pa.) 393.

Upon this branch of the case we think the decision in *Robertson v. People*, 20 Colo. 279, is decisive against the defendant. See, also, *People v. Hazelwood*, 116 Ill. 319, *Potwin v. Johnson*, 108 Ill. 70, and Black on Intoxicating Liquors, § 60.

3. While the penalty prescribed for a violation of any provision of the section may seem high, we are not prepared to say that it is excessive. A large discretion must rest with the general assembly in imposing penalties for offenses of the character in question, as well as for all others; and unless the penalty prescribed is clearly excessive, we should not set aside the legislation. No authority covering the exact question has been cited, and those to which we are referred would not place the ban of disapproval upon this part of the statute.

4. We fail to appreciate the necessity or importance of the ingenious argument of counsel upon the interpretation of those portions of this section other than the one defendant is charged with violating. Whether it contains one, two or three distinct classes of offenses is not, in our view, of present moment. We are satisfied, as already said, that the principal object of the act is the regulation of the keeping of saloons. Whether or not those provisions directed against the sale of liquor and permitting persons not employed about the saloon to remain therein on Sunday, constitute distinct offenses for which a prosecution will lie, is not important upon this review. The defendant is not entitled to an exposition of the effect and scope of those provisions of the act that he is not charged with violating. Hence, we decline to follow counsel in their discursion into a forbidden field.

5. The evidence in the case is brief, but we are of opinion that it is sufficient to sustain the conviction. Sufficient facts were produced which, of themselves, and in connection with the legitimate inferences permitted to be drawn therefrom, warrant the finding made; and in such cases, if there are before the trial court sitting as a jury, or the jury itself, certain facts from which inferences of defendant's guilt may be properly drawn, and if these facts peculiarly within his knowledge are wholly unexplained by the defendant, and the court or jury proceeds to draw such inferences of guilt, the finding or verdict will not be disturbed upon review.

It follows from the foregoing that the judgment of the district court should be affirmed, and it is so ordered.

*Affirmed.*