[No. 5048.]
[C. A. No. 2612.]

## PATTERSON ET AL. v. WATSON ET AL.

**1. Statutes—Constitutional Law—Title—Board of County Commissioners.**

The provision of section 821 Mills' Ann. Stats., which confers upon a taxpayer the right to maintain an action in the name of the board of county commissioners against members of the board for misappropriation of the county funds, is germane to and within the scope of the subject-matter as expressed in the title of the act which is, "An act to require county commissioners of the several counties in this state to give bonds for the faithful discharge of the duties of their office, and to prescribe penalties for refusing to give the required bonds."

**2. Pleading—Paragraphs—Separate Cause of Action.**

Where a complaint, after alleging necessary matters of inducement in an action on official bonds, alleged two items as constituting breaches of the conditions of the bonds in two separate paragraphs, the two paragraphs should be considered, together with the introductory part of the complaint, as one cause of action, although the pleader had mistakenly designated the two paragraphs as first and second causes of action.

**3. Appellate Practice—Instructions—Evidence.**

Assignments of error based upon instructions given or refused will not be considered where the evidence was not preserved in the record by bill of exceptions.

*Error to the District Court of Hinsdale County.*
*Hon. Theron Stevens, Judge.*

Mr. CHARLES F. REPATH, for plaintiffs in error.

Mr. H. C. CLAY, for defendants in error.

Mr. JUSTICE GODDARD delivered the opinion of the court:

This action was instituted by the defendants in error (plaintiffs below) against the plaintiffs in error (defendants below) to recover in the name of the board of county commissioners of Hinsdale county certain county money alleged to have been misappropriated by plaintiffs in error while acting as county commissioners of said county. In addition to the allegations showing the election and qualification of defendants as county commissioners, the amended complaint contains two paragraphs designated as first and second causes of action. The jury found in favor of defendants upon the first, and against them upon the so-called second cause of action, which alleged the misappropriation by defendants, as county commissioners, of the sum of $30 out of the money of the county to G. D. Bardwell to reimburse him for money expended for law books which were purchased and retained by him. Judgment was rendered on the verdict for $30 and costs. Defendants bring the case up on error.

The evidence introduced was not preserved by bill of exceptions. Our examination is, therefore, limited to the consideration of two questions raised by the demurrer: (1) Whether section 821, Mills' Ann. Stats., which confers upon a taxpayer the right to maintain an action in the name of the board of county commissioners against members of the board for misappropriation of the county funds, is valid;

(2) whether the court below erred in overruling the demurrer to the so-called second cause of action.

1. Upon the first proposition, counsel for plaintiffs in error contend that the section is unconstitutional because its provisions are not germane to the title of the original act, or to the title of the amendment of the act of 1885, and are, therefore, obnoxious to the provisions of section 21 of article V of the constitution.

The original act of 1881 was entitled, "An act to require county commissioners of the several counties in this state to give bonds for the faithful discharge of the duties of their office and to prescribe penalties for refusing to give the required bonds." This act was incorporated in chapter 23 of the General Statutes of 1883 entitled "County Government," and section 7, which provided for bringing suit in case of a breach of the bond, was numbered therein as section 50. In 1885 the legislature passed an act entitled, "An act to amend section 50 of chapter 23 of the General Statutes of the State of Colorado, entitled 'County Government.'" This section, as amended, is the law as it now stands, and provides, in addition to the officers theretofore authorized to bring suit, that "any taxpayer of the county who will become responsible for the costs of suit, may institute an action in any court in such county, of competent jurisdiction, in the name of the board of county commissioners of the county against the principal and sureties upon such bond."

We think that, under the rule of construction heretofore given to this constitutional provision by this court, the legislation complained of, as expressed in section 7 of the original act, and section 50 of the amended act, is fairly germane to, and within the scope of, the subject-matter as expressed in those titles.—*Golden Canal Co. v. Bright,* 8 Colo. 144; *In*

*re Pratt,* 19 Colo. 138; *Stocknan v Brooks et al.,* 17 Colo. 248; *Dallas v. Redman,* 10 Colo. 297.

The object of the legislation, as expressed in the title of the original act, was to require county commissioners to give bonds for the faithful discharge of their duties. A provision for the recovery of such damages as the county shall sustain by reason of a breach of the conditions of the bond, and designating who might bring suit for such recovery, is certainly germane to the subject-matter of such a title.

2. The only remaining objection presented by the assignment of errors that we can consider upon the record before us is, whether the allegations of the complaint are sufficient to entitle plaintiffs to recover upon what is designated as the second cause of action. The claim is that the matters pleaded as an inducement, and which are necessary to show the official capacity of the defendants, and their liability under their official bonds for the acts set out in the so-called second cause of action, to wit, their election and qualification as county commissioners, and the giving of the bonds required by the statute, are not restated in this subdivision of the complaint, and, because of this omission, it is contended that there are not sufficient facts alleged therein to show any official misconduct on the part of the defendants.

If this paragraph of the complaint is to be treated as the statement of a cause of action in itself, the objection to its sufficiency is well taken. But we do not think it should be so regarded. While mistakenly designated a cause of action by the pleader, it is, and should be, regarded only as a separate paragraph setting out one of the items assigned as a breach of the conditions of the bond, and is to be taken in connection with the introductory averments of the complaint, for the purpose of forming the issues to be tried. The appropriation of the county

funds, as therein alleged, to Bardwell, was for law books which the county commissioners were not authorized to purchase. Such allowance constituted a wrong or delict on their part which was an essential element of the cause of action stated in the complaint. The court, therefore, committed no error in overruling the demurrer. The errors assigned upon the giving and refusing of certain instructions cannot be considered in the absence of the testimony.

Our conclusion is, that, by the record before us, no error is presented that would justify a reversal of the judgment. It is, therefore, affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.