No. 10,132.

WARNER v. THE PEOPLE.

Decided July 3, 1922.

Plaintiff in error was convicted of loaning money in violation of the provisions of section 1, chapter 159, S. L. 1919.

*Affirmed.*

1. CONSTITUTIONAL LAW—*Statutes—Money Lenders.* Section 1, chapter 159, S. L. 1919, concerning licenses for those engaged in the business of loaning money in sums less than $300 at a greater rate than 12 per cent per annum, held to contain nothing touching the question of due process as those words are used in the Constitution.

2. STATUTES—*From Other States—Decisions.* Where a Colorado statute is copied from the laws of another state, its appellate decisions relative thereto, existing at the time, will be controlling on Colorado courts.

3. CONSTITUTIONAL LAW—*Legislation.* Section 21, article 5 of the Colorado Constitution, does not prohibit the legislature from placing one limitation on the rate of interest on small loans, and another for large ones.

4. *Statute—Title.* Section 1, chapter 159, S. L. 1919, concerning the licensing of money lenders, not unconstitutional on the ground that the subject of the act is not embraced in the title.

*Error to the District Court of the City and County of Denver, Hon. A. F. Hollenbeck, Judge.*

Mr. JOHN S. STIDGER, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. SAMUEL CHUTKOW, assistant, Mr. CHARLES H. SHERRICK, assistant, for the people.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFF in error was convicted under section 1, chapter 159, S. L. 1919, of engaging in the business of loaning less than $300 at a greater rate than twelve per cent per annum, without a license. He was also convicted on a count under section 17 of the same act, but the court set aside the verdict on that count. He brings error and attacks the constitutionality of the act on the following grounds:

1.    That it deprives defendant of due process of law.

2.    That it is a special law where a general one could have been made applicable, and so violates section 21 of article 5 of the Colorado Constitution.

3.    The subject of the act is not expressed in the title.

4.    It violates section 3, article 2, of the Colorado Constitution in that it deprives plaintiff in error of the right to acquire, possess and protect property.

5.    It impairs the obligation of contracts.

As to the first point there is nothing in the act touching the question of due process. Counsel argues, however, the question of equal protection. We took this statute from Illinois. The question was determined there before our act was passed. *People v. Stokes,* 281 Ill. 159, 118 N. E. 87.

The second point amounts to a proposition that the legislature cannot fix one rate of interest for small loans and another for large which needs but to be stated to be refuted. The power of the legislature is not so limited.

As to the third point: The subject-matter of section 1,

upon which the defendant was convicted, is expressed in the title.  The title is as follows:

"To license and regulate the business of making loans in sums of Three Hundred Dollars ($300.00) or less, secured or unsecured, at a greater rate of interest than twelve (12) per centum per annum, prescribing the rate of interest and charge therefor, and penalties for the violation thereof, and regulating the assignment of wages or salaries, earned or to be earned, when given as security for any such loan."

The section is as follows:

"That no person, co-partnership, or corporation shall engage in the business of making loans of money, credit, goods, or things in action in the amount, or to the value of three hundred dollars ($300), or less, and charge, contract for, or receive a greater rate of interest than twelve (12) per centum per annum therefor, except as authorized by this act and without first obtaining a license from the State Bank Commissioner hereinafter called the licensing official."

This section is part of an act which provides for licensing the business of loaning three hundred dollars or less at a greater rate of interest than twelve per cent per annum and so is within the scope of the title.

We say nothing as to section 17 because the Attorney General has not assigned error with reference to it.

The proposition on the 4th and 5th points are so manifestly unfounded that they require no answer.

Judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE TELLER sitting as Chief Justice.