## No. 11,602.

Rice, et al. *v.* Franklin Loan and Finance Co., et al.

Decided April 11, 1927.   Opinion adhered to July 5, 1927.

Action to declare void a note and chattel mortgage. Judgment of nonsuit.

### *Reversed.*

1. Variance—*Pleading and Proof.* Where the proof disclosed that plaintiffs gave a note and chattel mortgage to a third party who immediately endorsed and turned them over to defendant to "get around the law" concerning money lenders, it is held that this was not a variance from the complaint which alleged that the note and mortgage were made, executed and delivered to defendant.

2. *Pleading and Proof—Waiver.* The objection of variance between pleading and proof is waived where the evidence alleged to be at variance with the pleading is admitted without objection on the score of variance.

3. Money Lenders—*Statute—Construction.* Chapter 63 of the Compiled Laws forbids usury by any person, not merely those "engaged in the business" of loaning money.

4. *Usury.* In an action to declare a note and chattel mortgage void on the ground that the note was usurious, it is held that a nonsuit was improperly granted where the evidence disclosed that the loan was made at a rate greatly in excess of the 12 per cent permitted by statute.

#### *On Rehearing.*

5. Constitutional Law—*Statutes—Money Lenders.* The contention that section 17 of the Money Lenders' Act is unconstitutional because not embraced in the title of the act, overruled.

6. *Statutes—Construction.* Courts should construe the title of an act so as to make the statute constitutional if possible.

7. *Statutes—Construction—Reasonable Doubt.* If there is a reasonable doubt as to the constitutionality of an act it should be resolved in favor of its legality.

8.      *Statutes—Title.* Provisions of an act which are closely allied to the subject of the title are germane thereto.

9.   STATUTES—*Construction.* Statutes should be so construed as to accomplish the purpose for which they were enacted.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Sackmann, Judge.*

Mr. RICHARD K. GANDY, for plaintiffs in error.

Mr. JOHN P. JAMES, for defendants in error.

Mr. MAX D. MELVILLE, amicus curiae.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiffs in error brought this action under the declaratory judgment act, S. L. 1923, c. 98, to declare void a note and chattel mortgage which they gave the Franklin Loan Company, defendant in error. The ground of the action was that the note was usurious under C. L. c. LXIII, entitled Money Lenders. They were nonsuited and bring error.

One reason for the decision was variance between the plaintiff's allegations and their proof. We do not think it sound. The complaint alleged that plaintiffs "made, executed and delivered to said company their promissory note and chattel mortgage   *   *   *." The proof was that when plaintiffs went to the defendant company to borrow money, they, at the request of the company, made the note payable to one McIntire who immediately endorsed it to the company who then and there delivered the cash proceeds by check payable to said McIntire which was then and there endorsed by him and delivered to the plaintiffs by the company, and all this was done

to "get around the law." The fact that the transaction was a subterfuge and that the loan was in truth made by the company to plaintiffs and the note and mortgage made by them to the company is the only legitimate inference from the evidence. The plaintiffs had, therefore, proved what they alleged and there was no variance. See C. L. § 3797, quoted below. But, even if that were not so, the evidence was admitted without objection on the score of variance, and the point was therefore waived, as we have many times held. *Tew v. Powar,* 37 Colo. 292, 295, 297, 86 Pac. 342.

But defendants argue that none but persons "engaged in the business of making loans  *  *  *  to the value of $300 or less  *  *  *" are subject to the said Money Lenders' Act, and that they are not shown to have been engaged in such business, and so are not subject to the act; we think, however, that the statute embraces more than persons "engaged in the business." While the first section, C. L. § 3781, and other sections refer only to persons in the business, § 3797 goes further and forbids usury by any person. It is as follows:

"No person, co-partnership, or corporation, except as authorized by this act, shall, directly or indirectly, charge, contract for, or receive any interest, or consideration greater than twelve per centum per annum upon the loan, use, or forbearance of money, goods or things in action, or upon the loan, use, or sale of credit, of the amount or value of three hundred dollars ($300) or less; *Provided,* That banks, under national supervision; and banks, building and loan associations and trust companies under state supervision, shall not be prohibited hereby from discounting negotiable paper when such discount or purchase is made in the ordinary course of business and not through or from the borrower or maker, either directly or indirectly, of such negotiable paper. The foregoing prohibition shall apply to any person who, as security for any such loan, use, or forbearance of money, goods or things in action or for any such loan,

use or sale of credit, makes a pretended purchase of property from any person and permits owner or pledgor to retain the possession thereof, or who, by any device or pretense of charging for his services, or otherwise, seeks to obtain a greater compensation than is authorized by this act. No loan for which a greater rate of interest or charge than is allowed by this act has been contracted for or received wherever made, shall be enforced in this state, and any person in any wise participating therein in this state shall be subject to the provisions of this act.''

The section, it is seen, expressly includes ''any person who * * * by any device or pretense * * * seeks to obtain a greater compensation than is authorized by this act'' and the enforcement of any loan for which more than twelve per cent has been contracted for is forbidden. The question, then, whether defendants were ''engaged in the business'' of making such loans is without consequence. If the allegation that they were so engaged had been left out, the complaint would still have stated a cause of action, and, since the evidence shows the loan to have been at a rate greatly in excess of twelve per cent, it follows that the case so stated was proved.

The judgment is reversed and new trial granted.

Mr. Chief Justice Burke, Mr. Justice Sheafor and Mr. Justice Whitford concur.

### On Rehearing.

Mr. Justice Denison.

It is urged that section 17 of the act in question, in so far as it affects persons not ''engaged in the business of making loans * * * of the value of $300 or less'' is unconstitutional because not embraced in the title of the act.

We do not assent to that proposition, first, because it is within the literal interpretation of the title; second, because it is germane to the subject of the title.

First. The title of the act is as follows: "An act to license and regulate the business of making loans in sums of three hundred dollars ($300) or less, secured or unsecured, at a greater rate of interest than twelve (12) per centum per annum, prescribing the rate of interest and· charge therefor, and penalties for the violation thereof, and regulating the assignment of wages or salaries, earned or to be earned, when given as security for any such loan."

The grammatical interpretation of this title is that in the clause prescribing the "rate of interest and charge therefor" the word "therefor" refers to the word "loans" in the previous clause, because (a) it cannot logically refer to the word business since there is no rate of interest for business, but there is for loans. (b) This meaning is made clear if we leave out the qualifications in the first clause and read the title "to license and regulate the business of making loans * * * [and] prescribing the rate of interest and charge therefor, the word "and" is properly inserted because, in English, in a statement of consecutive subjects or clauses, the word "*and*" is understood before all but the last and inserted there only; as, for example, we say "Smith went to New York, attended to his business there, went thence to Boston, Montreal, Chicago, *and* Denver."

But if that were not the necessary construction of the title, it is a construction which is evidently possible and makes said section 17 (C. L. 3797) constitutional; and we must construe the title so as to make the act constitutional if we can. *Industrial Commission et al. v. Continental Investment Co.,* 78 Colo. 399, 242 Pac. 49. Even if that were not so, however, there is at least a reasonable doubt, and therefore we cannot hold the statute unconstitutional. *Broadbent v. McFerson,* 80 Colo. 264, 250 Pac. 852; *Milheim v. Moffat Tunnel Improvement District,* 72 Colo. 268, 211 Pac. 649.

Second. But even if none of these points were sound, section 17 is germane to the subject of the title. It

prescribes the rate of interest for loans by all people. This is germane to the regulation of the business of making loans.

The act in question would affect the business of making loans in one way, if men in that business and no others were forbidden to charge more than 12 per cent, and in another and different way if all men were forbidden to do so. The provisions of the section, therefore, are closely allied to the subject of the title, and if closely allied, they are germane thereto. *Roark v. The People,* 79 Colo. 181, 244 Pac. 909.

Again, without section 17 the regulation of the business could not be effective, as the facts of the present case show, because the evidence is that the Franklin Loan Company had one McIntire make the loan in question and transfer it to them in order "to get around the law." The legislature doubtless thought that in fairness to men in the business, others should not be allowed privileges forbidden to them. In this respect section 17 is germane to the title. They doubtless also thought that, without the provisions of section 17, the act could be evaded in ways difficult to detect, and they were right. In this view also the section is germane, just as provisions for the collection of taxes and sales and penalties for unpaid taxes are germane to an act in relation to taxation; and as a provision to compel an affidavit of payment of taxes on an automobile before license is issued is germane to "An act relating to the taxation of automobiles   *   *   *" (*Milliken v. O'Meara,* 74 Colo. 475, 222 Pac. 1116; *Dallas v. Redman,* 10 Colo. 297, 300, 15 Pac. 397) and as the requirement to make annual reports is germane to "An act to provide for the formation of corporations" (*Tabor v. Bank,* 62 Fed. 383), and as a penalty for stealing cattle is germane to "An act to provide for the branding, herding and care of stock   *   *   *" (*In re Pratt,* 19 Colo. 138, 140, 34 Pac. 680).

The evident purpose of the statute, title and all, is to prevent exorbitant interest on small loans, and the title

and body of the act should be construed to accomplish that purpose. *Holyoke v. Smith,* 75 Colo. 286, 226 Pac. 158; *In re Pratt, supra.* It cannot be accomplished without section 17.

We have construed this statute before, but not section 17. *Warner v. People,* 71 Colo. 559, 208 Pac. 459.

We adhere to the conclusion of our former opinion.