THE CITY OF CLINTON v. GRUSENDORF et al.

Saloons: REGULATION: STATE LAW AND CITY ORDINANCE. The plaintiff city, prior to the legislation of the state prohibiting the sale of intoxicating liquors as a beverage, enacted an ordinance requiring "all saloons * * * and all places where intoxicating liquors are sold as a beverage" to be closed at eleven o'clock p. m. After the taking effect of the legislation prohibiting the sale of intoxicating liquors as a beverage, defendants kept a saloon in said city, in which, besides intoxicating liquors, pop, ginger ale and cigars were sold, and they kept it open after the hour prescribed in the ordinance. Held that the prohibitory legislation by the state made nugatory so much of the ordinance as was designed to regulate the sale of intoxicating liquors (Town of New Hampton v. Conway, 56 Iowa, 499), but that, without the sale of such liquors, the place

was still a "saloon" within the meaning of the ordinance, by rea-
son of the sale of other refreshments therein, and that the ordi-
nance remained valid, under section 482 of the Code, so far as it
provided for the closing of such saloon at the hour stated, and
that defendants were properly convicted for the violation of the
ordinance.

### *Appeal from Clinton District Court.*

### FILED, MAY 16, 1890.

IN June, 1888, the defendants were accused and
convicted before the police court of the city of Clinton
of the offense of keeping a saloon open after eleven
o'clock p. m. on the fourteenth day of June, 1888, con-
trary to an ordinance of said city. On defendants'
appeal to the district court, the case was submitted to
the court without a jury, on the following conceded
facts : "That this presentation and case is brought
under ordinance, chapter 78 of the Ordinances of the
City of Clinton, and that it was passed and adopted and
published, in manner and form required by law, on the
eighteenth day of July, 1879, by the council of the city
of Clinton, and appearing in Book A of records of said
city, on pages 619 and 620, and took effect August 1,
1879 ; that defendants' place of business, which they are
accused of keeping open after eleven o'clock p. m. on
the fourteenth day of June, 1888, was a place commonly
known as a 'saloon,' where intoxicating liquors, beer,
wine, pop and cigars and ginger ale were sold, in viola-
tion of law and of said ordinance ; and that defendants
did keep said place open after eleven o'clock p. m. of
said day for the sale of intoxicating liquors in violation
of law, and for the sale of pop and ginger ale, and did
so sell such beverages and liquors after eleven o'clock
p. m. to various persons then and there visiting said
saloon, situated at number 314 Second street, in said
city of Clinton." The first section of the ordinance is
as follows : "Sec. 1. That all saloons, of every descrip-
tion, in the city of Clinton, and all places where intoxi-
cating liquors are sold as a beverage, whether prohibited
by the laws of the state of Iowa or not, are hereby

required to be closed and kept closed from eleven o'clock p. m. till five o'clock a. m., from the first day of April until the first day of November in each year, and from eleven o'clock p. m. to six o'clock a. m., from the first day of November in each year to the first day of April in next following year, and also at all times during the Sabbath day." The second section prescribes the penalty. The district court held "that said ordinance is void, and the defendant not guilty, and he is hereby discharged; and judgment is hereby rendered in favor of said defendant, and against the plaintiff, for the costs herein, taxed at $—; to which findings and judgment the plaintiff excepts."

*Robert R. Baldwin*, for appellant.

*W. C. Grohe*, for appellee.

GIVEN, J.—I. The questions presented on this appeal are whether the city had authority to pass the ordinance under notice, and, if so, whether it has not been superseded by subsequent legislation. Appellant contends that it seeks to regulate places where intoxicating liquors are sold as a beverage, and, as the keeping of such places is forbidden by law, the city has no authority to regulate them. At the time the ordinance was passed, the city had power to regulate beer and wine saloons, under section 463, Code, and the ordinance was evidently framed with a view to regulate such saloons. Chapters 8 and 143, Acts Twentieth General Assembly, made it unlawful to keep a place for the sale of intoxicating liquors, including beer and wine, and it followed that the city had no longer authority to regulate such places, and so much of the ordinance as relates to the regulation of places "where intoxicating liquors are sold as a beverage" is without authority. *Town of New Hampton v. Conway*, 56 Iowa, 499.

The ordinance is not for the regulation of places where intoxicating liquors are sold as a beverage alone, but "all saloons of every description." Appellee contends that the word "saloon," as recognized in this

state, means only billiard saloons and places where intoxicating liquors are sold as a beverage. "Words and phrases shall be construed according to the context and approved usage of the language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning." Code, sec. 45. Webster, among other definitions of the word "saloon," defines it as "a hall of reception; a large public room or parlor; * * * apartments for specific public uses, as the saloon of a steamboat, a refreshment saloon, or the like." The agreed statement of facts show that defendants' place, commonly known as a "saloon" was not only a place where intoxicating liquors were sold, but where refreshments, the sale of which is not prohibited, were also sold. "Temperance saloon" is a common designation for places where non-intoxicating drinks and other refreshments are kept for sale. It was a "saloon," within the meaning of the ordinance. The authority of the city to regulate such a saloon is not under the provision of section 463, as to beer and wine saloons, but under section 482, providing that it shall have power "to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience, of such corporation." It was from this section that the authority was derived to enact the ordinance as to saloons other than beer and wine saloons. If defendants' place was a saloon, because of being a place where refreshment were lawfully served and sold, it was none the less a saloon because intoxicating liquors were sold in violation of law. If the health, morals, or good order of the city required that refreshment saloons should be closed to the public, after eleven o'clock at night, it was within the power of the city to so ordain, at the time this ordinance was passed, and no legislation has since passed revoking that power. Our conclusion is that the judgment of the district court should be

REVERSED.