## ORDINANCE FOR REGULATION OF SALE OF INTOXICATING LIQUOR HELD DEFECTIVE.

Circuit Court of Summit County.

CITY OF AKRON v. WILLIAM G. SEITZ,

Decided, April 17, 1908.

*Municipal Corporation—Invalid Liquor Ordinance.*

Under Section 1536-100, Revised Statutes, Subdivision 5, a municipal corporation has no authority to enact an ordinance to regulate the sale of intoxicating liquors, which does not contain the "regular druggist" exception found in Section 4364-20c, Revised Statutes.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The defendant in error was convicted before the mayor of Akron of allowing to remain open on Sunday a place where in- toxicating liquors were sold on other days of the week, the same being in violation of an ordinance of said city. The common pleas court afterwards modified the sentence imposed by the mayor by eliminating the imprisonment feature to conform with the limitation of punishment for first offenses as provided in the statute defining and penalizing the like offense in the state at large.

From this judgment the city has filed a petition in error and the defendant in error a cross-petition. The latter's claims are (1) that there is no evidence that liquors were sold in the place in question on other days of the week; (2) that the in-

formation does not allege any ownership, occupancy or control by defendant of the place by him allowed to remain open, and (3) that the ordinance is .invalid because it does not fully set forth the "regular druggist" exception of Section 4364-20c, Revised Statutes, without which exceptions, no municipal ordinance on the subject can be lawfully enacted because of the express limitation upon the power conferred by the General Assembly on municipal corporations to enact such ordinances as laid down in Section 1536-100, Revised Statutes, subdivision 5, and in Section 4364-20.

Considering the last point first, we hold it to be well taken, on the authority of *Canton* v. *Nist,* 9 Ohio St., 439, in which it was held that a general Sunday observance ordinance was invalid because it·failed to make the exception of works of charity, necessity, etc., as required by statute. The Legislature might have granted to municipal corporations the power to pass ordinances on this subject without any such exception of regular druggists as is contained in the state statute penalizing the Sunday opening of places where intoxicating liquors are sold on other days of the week. And it might have done this even though it still retained such exception in the state law. No inconsistency between an ordinance omitting such exception and the statute retaining it would in that case arise. This distinction is clearly pointed out in *City of Piqua* v. *Zimmerlin,* 35 O. S., 507, 509. The trouble here is that the ordinance overlaps the grant of power to municipalities to legislate on this subject. Such municipal legislation must contain the full "regular druggist" exception in order not to exceed the authority conferred by the General Assembly to enact the same.

It must not be inferred from this opinion that Sunday closing is not required of saloons in Akron for want of a valid ordinance to that effect. The state law on the subject is in full force and applies to Akron as much as to any other part of the state.

Our conclusion on this point renders discussion of the other questions unnecessary, but we remark in passing, that the information should have alleged defendant's ownership or control of the premises which he has been charged with having allowed to remain open on Sunday. It does not help the matter

that the information followed the phraseology of the ordinance in this behalf. Whether this would amount to a fatal defect in the ordinance were it otherwise valid need not now be considered; but it is surely true that no one can be lawfully convicted of allowing a place to remain open unless it be averred and proved that he was in some way in control of it.

In this case, also, the only proof that intoxicating liquors were sold in the place in question on other days of the week, is found in the characterization of the premises as a saloon; but as the word has been judicially defined in Iowa, where a man was convicted of keeping open a saloon after 11 o'clock at night, though only soft drinks, so-called, were sold there, the evidence here is not sufficient to prove that defendant's saloon was a place where intoxicating liquors were sold   (*City of Clinton* v. *Grusendorf*, 45 N. W., 407). Many other cases to the same effect might also be cited.

The judgments of both courts - below are reversed for the errors thus indicated; and because of the invalidity of the ordinance under which the defendant stands accused, he is discharged.