PEOPLE, PLAINTIFF AND APPELLEE, v. TERRASA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Violation of Section 553 of the Penal Code.

No. 1421.—Decided January 19, 1920.

CLOSING HOUR OF ESTABLISHMENT—OPENING HOUR—CONSTRUCTION OF LAW.—As section 553 of the Penal Code only fixes the hour when commercial and industrial establishments shall be closed, it is necessary to conclude that it neither forbids nor penalizes the opening of an establishment at two o'clock in the morning of the following day when that day is not included among those on which the law orders that such establishment shall be closed during the whole day, for if the legislators had intended to fix the hour when establishments may be opened they would have done so clearly as they did with regard to the closing hour.

ID.—NATURAL DAY.—When the law speaks of or refers to days in general the legislators had in mind natural days of twenty-four hours beginning at midnight.

CONSTRUCTION OF LAW.—In order that a person may be convicted of the violation of a penal statute it is necessary that the act or omission to be punished be defined clearly by the statute. The meaning of the law should not be forced by construing it to include an offense that the legislators had not clearly in mind.

The facts are stated in the opinion.

Mr. Ulpiano Crespo, Jr., for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Terrasa & Palén, represented by Gabriel Terrasa, were charged in the Municipal Court of Arecibo with a violation of section 553 of the Penal Code, in that at two o'clock in the morning of the 19th of March, 1919, they opened their retail grocery store in the market-place of that city and began their commercial transactions.

The District Court of Arecibo on appeal convicted Gabriel Terrasa and sentenced him to pay a fine, from which judgment he took the present appeal.

Terrasa pleaded not guilty in the lower court and maintains here that the complaint does not charge him with any crime, and that this court should discharge him because although section 553 of the Penal Code, as amended in the

year 1917, provides that all commercial and industrial establishments shall remain closed to the public after six p. m. on working days, there is nothing in it which fixes the time when they may be opened and the transaction of business begun and that it does not forbid or penalize the act with which he is charged in the complaint.

The statute in question may be found at page 273 of the Session Laws of 1917, Vol II, and reads as follows:

"Section 553.—That all day Sunday; from 12 o'clock noon on legal holidays, except Labor Day, that is, the first Monday in September, and the Fourth of July, when they shall remain closed all day; from 9 p. m. every Saturday; from 6 p. m. every working day; and from 10 p. m. on December 24 and 31 and January 5 of each year, commercial and industrial establishments shall remain closed to the public and suspend all work for employees one hour after closing, except the following: * * *."

As will be seen the legislators enacted only that on certain days such commercial and industrial establishments as were not excepted should remain closed all day; that on certain legal holidays they should be closed at certain hours, and that on working days they should be closed at six p. m., except on certain days when they should be closed an hour later. There is nothing in that statute fixing the hour of the following day at which the said establishments may open and begin their commercial or industrial transactions. The day referred to in the complaint was a working day.

As the law only fixed the hour after which commercial and industrial establishments shall remain closed, we must conclude that it neither forbids nor penalizes their opening at two o'clock in the morning of the following day; therefore we can not hold that the act committed by the appellant constitutes a violation of that law. If the legislators had intended to fix the hour when such establishments might be opened they would have done so clearly, as they did with regard to the closing hour. We have no authority to add to the law. In the cases of *City of Clinton* v. *Grusendorf,*

45 N. W. Rep. 407, and *Bennet* v. *Pulaski,* 47 L. R. A. 280, the ordinances specifically fixed the hour at which certain saloons should be closed and that at which they could be opened on the following day. The case of *People* v. *García & García,* 22 P. R. R. 759, is somewhat in point with the present case, and, examining the law providing for the closing of establishments at 6 p. m. on working days and at 10 p. m. on Saturdays, we there said that in accordance with the act any man is free to work and contract to work for nineteen hours of each and every day, exclusive of Sundays, and for twenty-two hours on Saturday.

On the other hand, when the law mentions days generally or refers to them, the legislators mean natural days of twenty-four hours beginning at twelve midnight. Civil Code, sec. 8.

Finally, in order that a person may be punished as a violator of a penal law, it is necessary that the act or omission to be punished should be clearly expressed in the law, for no man should be convicted of a crime that is not clearly defined and penalized by the laws, and the language of the law should never be stretched by construction to include any offense not plainly within the contemplation of the legislature. *Lange* v. *People,* 24 P. R. R. 796.

In view of the conclusion at which we have arrived, that the act committed by appellant is neither forbidden nor penalized by said section 553, it is unnecessary to consider the other questions raised in this appeal.

The judgment must be reversed and the appellant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.