EL PUEBLO, DEMANDANTE Y APELADO, *v.* TERRASA, ACUSADO Y
APELANTE.

APELACIÓN interpuesta contra sentencia de la Corte de Dis-
trito de Arecibo por infracción al artículo 553 del Código
Penal.

No. 1421.—Resuelto en enero 19, 1920.

CIERRE DE ESTABLECIMIENTOS COMERCIALES E INDUSTRIALES—INTERPRETACIÓN DE LA
LEY.—Limitándose el artículo 553 del Código Penal a fijar la hora desde la
cual deberán permanecer cerrados los establecimientos comerciales e industria-
les, es preciso concluir que no prohibe ni pena el acto de abrir un comerciante
su establecimiento a las dos de la mañana del día siguiente cuando éste no
es de los que requiere la ley que permanezcan cerrados todo el día, por no
constituir esto infracción de la ley, pues si el legislador hubiera querido
fijar la hora a que habían de abrirse, lo hubiera dicho claramente como lo
hizo al fijar la hora del cierre.

ID.—DÍAS NATURALES.—Cuando la ley habla de días en términos generales, o se
refiere a ellos, el legislador tiene en su mente los días naturales que compren-
den veinte y cuatro horas contadas desde las doce de la noche.

ID.—DELITO.—Para que una persona pueda ser castigada como infractora de una
ley penal es necesario que el acto o la omisión que se castigue aparezca clara-
mente establecido en la ley. El texto de la ley no debe forzarse mediante
interpretación al efecto de que quede comprendido en él ningún delito que
la Legislatura no haya tenido claramente presente.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Ulpiano Crespo, Jr.*
Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del
tribunal.

Terrasa & Palén, representada por Gabriel Terrasa, fué
denunciada en la Corte Municipal de Arecibo por infringir
el artículo 553 del Código Penal imputándosele que a las dos
de la mañana del día 19 de marzo de 1919 abrieron la tienda
de provisiones al detall que tienen en la plaza del mercado
de dicha población y dieron principio a sus transacciones co-
merciales.

Conociendo la Corte de Distrito de Arecibo de esa de-
nuncia en grado de apelación dictó sentencia condenando a
Gabriel Terrasa al pago de una multa, contra cuyo fallo in-
terpuso el perjudicado el presente recurso de apelación.

Alegó Terrasa en la corte inferior su inocencia y sostiene
en este recurso que la denuncia no le imputa delito alguno
y que debemos dictar sentencia absolutoria porque si bien
el artículo 553 del Código Penal, según quedó enmendado en
el año 1917, dispone que los establecimientos mercantiles e
industriales permanezcan cerrados al público desde las seis
de la tarde en los días laborables, nada hay en él que deter-
mine a qué hora podrán ser abiertos y comenzar sus transac-
ciones y que no prohibe ni castiga el hecho que se le imputa
en la denuncia.

El precepto legal en cuestión se encuentra en la página
273 de las leyes de 1917, tomo II, y dice así:

"Artículo 553.—Los domingos durante todo el día; los días de
fiesta legales desde las 12 a. m., excepto el Labor Day, o sea el pri-
mer lunes del mes de septiembre, y el día 4 de julio, que permanece-
rán cerrados todo el día; todos los sábados desde las 9 p. m.; todos
los días laborables desde las 6 p. m., y los días 24 y 31 de diciembre
y 5 de enero de cada año desde las 10 p. m., permanecerán cerrados
al público y una hora después de cerrados no se permitirá ninguna
clase de trabajo para los empleados, en los establecimientos comer-
ciales e industriales, con excepción de los designados a continuación.
*   *   *

Como se vé el legislador se limitó a disponer que durante
ciertos días permanecieran cerrados durante todos ellos los
establecimientos comerciales e industriales que no exceptúa;
que en otros de fiesta legal se cerrarán a determinadas horas;
y que los días laborables permanezcan cerrados desde las
seis de la tarde, excepto ciertos días que cerrarán a hora
posterior. Nada hay en esa ley que diga a qué hora del día
siguiente podrán ser abiertos dichos establecimientos y co-
menzar sus operaciones comerciales o industriales. El día
a que se refiere la denuncia era laborable.

Como la ley se limitó a fijar la hora desde la cual debían
permanecer cerrados los establecimientos industriales y mer-
cantiles tenemos que concluir que no prohibe ni pena el que

se abran a las dos de la mañana del día siguiente, como hizo el apelante, por lo que no podemos declarar que el acto realizado por él constituya infracción de esa ley. Si el legislador hubiera querido fijar la hora a que habían de abrirse esos establecimientos lo hubiera dicho claramente, como lo hizo al fijar la hora del cierre. Nosotros no estamos facultados para agregarle palabras a la ley. En los casos de *City of Clinton* v. *Crusendorf,* 45 N. W. Rep. 407 y de *Bennet* v. *Pulaski,* 47 L. R. A. 280, las ordenanzas específicamente fijaron las horas a que debían ser cerrados ciertos salones y la en que podrían ser abiertos al día siguiente. El caso de *El Pueblo* v. *García & García,* 22 D. P. R. 820, tiene alguna relación con el presente pues, estudiando la ley que ordenaba el cierre de los establecimientos en los días laborables a las seis de la tarde y los sábados a las diez de la noche dijimos que de acuerdo con ella todo hombre está libre para trabajar y contratar trabajo por diez y nueve horas en todos y cada uno de los días, con excepción del domingo, y por veintidos horas el sábado.

Por otra parte cuando la ley habla de días en términos generales o se refiere a ellos el legislador tiene en su mente los días naturales que comprenden veinte y cuatro horas contadas desde la doce de la noche. Código Civil, artículo 8.

Por último, para que una persona pueda ser castigada como infractora de una ley penal es necesario que el acto o la omisión que se castigue aparezca claramente establecido en la ley, porque no debe quedar convicto un hombre por un delito que no esté claramente definido y castigado por las leyes y jamás debe forzarse el texto de la ley mediante interpretación al efecto de que quede comprendido en él ningún delito que la Legislatura no haya tenido claramente presente. *Lange* v. *El Pueblo,* 24 D. P. R. 856.

En vista de la conclusión a que llegamos respecto a que el acto realizado por el apelante no está prohibido ni cas-

tigado en el artículo 553 citado es innecesario que tratemos las otras cuestiones que ha suscitado en esta apelación.

La sentencia apelada debe ser revocada y absuelto el apelante.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.